Lipscomb, J.
On examining the record in this case it will be found that the subject-matter of the suit was before the court at the last term, in a case between the same parties; and the only difference in the petitions in .the two cases at all material is in this — that in the former petition there was no averment of a presentation to the administrator and of a refusal on his part to acknowledge the claim; whilst in this there is an averment of a presentation to „the defendant, the administrator, and a verbal refusal on the day subsequent to the affirmance of the judgment in favor of the defendant in the former suit. To the present suit the defendant demurred and pleaded the former judgment. The case was submitted without the intervention of a jury, and judgment was given for the defendant, from which the plaintiff appealed.
We believe the judgment of the court below must be affirmed on both grounds of defense offered by the defendant.
In the former suit we ruled that the suit could not be sustained, unless the plaintiff had presented the claim to the administrator within the time prescribed by law, after the date of the administration, and a refusal on his part to allow the claim.
In this suit the presentation appears by the record to have been made long after the expiration of the time limited by law for presenting it. It was therefore barred. See McDougald v. Hadley and Wife, decided at the last term of this court. ■
The second defense was clearly decided correctly by the court below. The former judgment was a complete bar to any other action on the claim between the parties. Where a plaintiff declines asking leave to amend when the defendant’s demurrer to his cause of action is decided against him and chooses to rely on the reversal of the judgment on demurrer, it is evidence that he could not improve and *(471) present bis cause of action in a better form by an amendment; and in such a case the judgment on demurrer is as conclusive of the rights litigated as if the judgment had been on a verdict.
The judgment of the court below is therefore affirmed.