J. H. DEARBORN V. Z. R. PHILLIPS AND OTHERS.

A horse, being the only one owned by defendant, is exempt from execution

An answer to a petition for an injunction not sworn to, does not entitle the party making it to a dissolution of the injunction.

A plaintiff, in his petition for injunction having prayed for damages, and stated a case for at least nominal relief, the case on the dissolution of the injunction should not be dismissed, but be continued over for a hearing on the merits.

See this case for circumstances under which costs were improperly adjudged against a party.

Appeal from Wood. Tried below before Hon. John Gregg The material facts are stated in the Opinion of the Court.

*J. H. Dearborn*, for appellant. I. In deciding upon the exception to the petition for injunction the allegations contained in the petition are to be regarded as true, and if they disclose a good cause of action it was clearly error to dismiss the petition upon the exception. (Fulgham v. Chevallier, 10 Tex. R. 518.)

II. The motion of defendant Murphy, the plaintiff in the execution, that the execution be quashed as prayed for in the petition, was an admission of its invalidity and illegality, which fully warranted the first judgment entered against him for costs in the Court below, and afterwards improperly superseded and set aside.

III. The quashing the execution and dissolution of the injunction did not authorise the dismissal of the petition without a trial, to ascertain the damage resulting to the plaintiff in the injunction from the illegal levy upon property exempt by law from forced sale.

Vol. XXI.                    30

IV.  The property levied on was not liable to levy and forced sale, being part of the property exempt by Statute, (Hart. Dig., Art. 1270,) and had the officer refused to make the levy upon property exempt, when pointed out to him by the plaintiff in execution, he would not have rendered himself liable even had there been no other property upon which the execution could have been properly levied.  (Cobb v. Coleman, 14 Tex. R. 595.)

V.  There having been no answer filed under oath denying the allegations contained in the petition, as required by law, (Hart. Dig., Art. 1597,) the same are to be taken as confessed, and if petition contain averments sufficient to maintain an action for trespass or damages, it should have been retained for a trial of this question, if for no other purpose.  The defendant being entitled to the dissolution of an injunction upon his answer only, when his answer in effect disproves the case made by the bill.  (Burnley v. Cook, 13 Tex. R. 586.)

VI.  The execution being void on its face, the officer was bound to notice an obvious and palpable defect, and if he chose not to do so it was at his peril, and he thereby rendered himself liable for all damages resulting from his illegal acts. (11 Tex. R. 417.)

VII.  An error, apparent on the record, may be revised and corrected, though not presented by a bill of exceptions or statement of facts.  (Cook & Adriance v. McGreal, 3 Tex. R. 487 ; Cloud v. Smith & Adriance, 1 Tex. R. 487.)

HEMPHILL, CH. J.  This was a suit by J. H. Dearborn to enjoin the sale of his only horse and rope, levied upon by Constable Philips, one of the defendants, under an execution issued by Mr. M. Payne, an acting Justice, another defendant ; also, that the execution be quashed, and that the plaintiff on final hearing may recover his damages, costs, &c.

There was a demurrer, and as a special exception it was

pleaded that the plaintiff in the execution was not made a party to this suit. This defect was cured by William Murphy, the plaintiff in the execution, appearing voluntarily, moving to quash the execution for defects apparent on its face, that the injunction be dismissed, and that he have judgment for costs, &c. On the 9th day of the Term, this motion by Murphy, to quash his execution, was sustained and judgment given against him for all costs in the case. On the 10th day he filed a general denial to the petition, and on the same day there is an entry that Murphy having appeared and excepted to petition for injunction, and moved the Court to quash the execution, ordered that execution be quashed—petition for injunction be dissolved, and judgment be entered against plaintiff Dearborn for the costs. From which judgment plaintiff appealed..

The judgment dissolving the injunction on exception is erroneous, as the petition disclosed sufficient grounds for the writ, the truth of the grounds being admitted by the exception. The horse and rope were exempt from execution. (Cobbs v. Coleman, 14 Tex. R. 594.) The execution was void or defective, as admitted by the defendant Murphy, on whose motion it was quashed. The answer of Murphy was not sworn to, and was but a general denial, and not such an answer as to entitle the defendant to a dissolution of the injunction. (Burnley v. Cook, 14 Tex. R. 586.)

If this "dissolution of the petition" be intended as a final judgment, dismissing the suit, there was error, as the plaintiff having prayed for damages, and having stated a case for at least nominal relief, the case on the dissolution of injunction should have been continued over for hearing on the merits; and especially was there error in adjudging costs against the plaintiff. He had all the equities in the case. The execution against him was quashed, and if it had not been set aside, the levy on property exempt from execution should have been perpetually enjoined. He was clearly entitled to his costs; and

these had, on a previous day of the Court, been adjudged against the defendant Murphy.

The appellant might claim a trial on the question of damages, but from his brief it may be inferred that he will be satisfied with a reversal and reform of the judgment as to the costs. It is therefore ordered that the judgment for the costs against the plaintiff Dearborn be and the same is hereby reversed, and that judgment be entered against the defendants, Philips and Murphy for all the costs in this cause expended.

Reversed and reformed.