CHARLES R. PRYOR v. HIRAM EMERSON.
SAME v. SAME.—SAME v. SAME.

It is not sufficient ground, on which to enjoin the collection of a judgment rendered in a Justice's Court, that the petition aver, merely, that the debt upon which the judgment was rendered, was a portion of a debt due by petitioner, for a sum exceeding the jurisdiction of that court, and which had been divided, for the sole purpose of bringing two suits, on the same claim, in the Justice's Court. The court properly dissolved the injunction, on motion, for want of equity in the petition.

Relief, in such case, should only be granted, when, superadded to the facts stated, it appears that, by means thereof, the petitioner was deprived of a right or a remedy; and that he did not himself participate in such division.

See this opinion, for instances in which such relief might be granted.

On the dissolution of an injunction, judgment may be rendered against the plaintiff, and the securities in the injunction bond, for the debt and damages, and execution may issue accordingly, as matter of course.

The only restriction upon the right of the defendant, to issue execution, on the dissolution of the injunction, is, that he should be required to give a refunding bond, when the petition is continued over for trial, (Hart. Dig. Art. 604;) but there is no reason for delaying the execution, until a refunding bond be given, when the court, by sustaining the motion to dismiss for want of equity,

necessarily determines the whole suit. It is not then a suitable case to continue over for trial.

Where, on motion to dissolve an injunction for want of equity, judgment is rendered restraining the motion, and proceeding to dispose of the whole subject matter of litigation, (there being no request, or motion, to continue over the petition,) it is reasonably certain, that it is a final judgment; although the entry of judgment does not expressly dismiss the petition, as it should properly have done.

ERROR from Dallas. Tried below before the Hon. Nat. M. Burford.

There were three several suits, between the same parties, involving the same questions, to all of which the opinion in this case applies, and in all of which the same judgment was rendered by the Supreme Court. The facts of each case were the same, varied only by the different dates, amounts, &c., referred to in each; those stated in one case sufficiently serve to illustrate the others.

The plaintiff in error filed his petition for injunction, alleging that the defendant in error, on the 25th day of April, A. D. 1857, recovered against him, in a Justice's Court, in Dallas county, a judgment for ninety-seven $\frac{74}{100}$ dollars, with interest at twelve per cent. per annum, and all costs of suit; that said suit "was instituted upon a part of a whole claim or indebtedness "against your petitioner, the real and true amount of which was "one hundred and eighty-seven dollars and ninety-nine cents; "but notwithstanding the whole amount of said indebtedness "is as above stated, it was divided into two parts, for the sole "purpose of suing on the same in the Justice's Court; and this "suit, above named, was instituted in said Justice's Court, "upon a part or fraction of said claim or indebtedness, to wit: "on the amount of ninety-three $\frac{99}{100}$ dollars. And your peti- "tioner is now vexed and harassed with another suit, and its "concomitant trouble, expense and costs, on the other part of "the same claim, which he avers has been divided up for the "sole purpose of bringing two suits, on one and the same cause "of action, in the Justice's Court, which could have no jurisdic- "tion of the original or whole claim in this behalf," &c.

Prayer for injunction and supersedeas. Fiat of the district judge, Hon. Nat. M. Burford, issued. Motion to dissolve, for want of equity in the petition, and sustained.

In one of the other cases, to which the opinion in this case applies, the petition sought to enjoin the judgment rendered in a Justice's Court, on the other part of the claim described in the above petition, containing the same averments in respect thereto as in this case. Same pleadings.

The other of said cases, sought to enjoin a judgment on a note, represented to have been, in like manner, divided for the same purpose, from another claim or indebtedness between the same parties. Same averments in respect to the grounds for injunction; same motions, answers and judgments, in each case.

Judgment rendered, in form, the same in each; in substance, that the parties came by their attorneys; and the defendant, by his attorney, filed his answer and motion to dissolve the injunction; which being considered by the court, is sustained. "It is therefore ordered, adjudged and decreed, by the court, "that the defendant in this cause, Hiram Emerson, have and "recover of the plaintiff, Charles R. Pryor, principal, and "Alexander Cockrell, and G. B. Pryor, his sureties, ninety-"seven $\frac{74}{100}$ dollars, the amount of the judgment in the Justice's "Court enjoined, with nine $\frac{04}{100}$ dollars interest thereon, to this "day, and ten per cent. damages on $97 74, being $9 74, "amounting in all to the sum of $116 55, together with all "costs in this as well as in the Justice's Court expended; and "also twelve per cent. interest on the above amount from date, "for which let execution issue." The securities named in the judgments, were the securities in the injunction bond.

*G. W. Guess*, for plaintiff in error.

*E. P. Nicholson*, for defendant in error.

ROBERTS, J.   The court did not err in dissolving the injunction, upon motion, for want of equity in the petition. The plaintiff,

Pryor, complains that the debt, upon which the judgment was rendered in the Justice's Court, was part of a debt over one hundred dollars, and that it was divided for the purpose of giving jurisdiction to the Justice's Court. He does not show that he did not participate in such division, or that he was deprived of any right or remedy, by the suits having been brought in the Justice's Court, on the several notes which composed the original debt—as that he had a set-off for over one hundred dollars—and that these several notes had been thereby extinguished ; but that the Justice's Court was not competent to entertain his defence, and give him his full relief. (Fulgham v. Chevaillier, 10 Tex. Rep. 518.) Some such equity is necessary to be shown, before the judgment will be enjoined. (Brady v. Hancock, 17 Tex. Rep. 361.)

The judgment was correctly rendered, upon the dissolution, for the debt and damages. (Lively v. Bristow, 12 Tex. Rep. 60 ; Cook v. de la Garza, 13 Id. 436 ; Hart. Dig. Art. 1603.)

Upon such a judgment, the statute authorizes an execution to issue, as matter of course. (Hart. Dig. Art. 1603.) Where the petition is continued over for trial, the court must require a refunding bond, before ordering an execution. (Hart. Dig. Art. 1604.) There is here no such continuance over of the petition. Nor is there anything in the record, to show that such action of the court was requested. Indeed, it was not a suitable case for such action of the court, because the whole object of the suit was to obtain an injunction ; and the ground of the motion, to dissolve the injunction, was the want of equity in the bill. The court, in sustaining this motion, necessarily determined the whole suit, and there was no necessity for delaying the execution until a refunding bond should be given.

This disposes of the two grounds of error assigned, to wit, sustaining the motion to dissolve, and ordering execution.

Another question presents itself, from the manner in which the judgment is rendered. If it appeared to be an interlocutory judgment only, it would not be a case of which this court

could take cognizance. (Albright v. Mallory, 19 Tex. Rep. 106.) The judgment does not expressly dismiss the petition, as it should more properly have done. But, considering the petition and the motion, and the absence of any request, or motion, to continue over the petition, and the fact that the judgment disposes of the whole subject matter of the litigation, it is reasonably certain that the judgment is final; and so it was evidently regarded by the court and the parties. The writ of error will not be dismissed, therefore, on account of such formal deficiency in the entry of the judgment. (Western v. Woods, 1 Tex. Rep. 1.)

                                        Judgment affirmed.