Baldridge v. Cook.

---

### J. H. BALDRIDGE AND OTHERS v. WILLIAM M. COOK.

The general rule enunciated in the case of Cooper v. Singleton, (19 Tex. Rep., 260,) that so long as the contract remains executory, the purchaser shall not be compelled to pay the purchase money and take a defective title, has been uniformly sustained and followed by the subsequent decisions of this court.

This general rule is subject to the qualification that if the vendee knew of the defect of the title at the time of the purchase without stipulating for a covenant as security against it, he consents, in effect, to take the risk of the purchase upon himself.

Where the vendee executed his notes for the purchase money payable at a certain time, and the vendor bound himself in a large penalty " to make or cause to be made" to the vendee, on payment of the purchase money and completion of certain improvements, a " full, perfect, and general war-

ranty deed in fee simple," and the vendee purchased with the knowledge of, and in reference to a suit pending which involved the title to the premises purchased; it was *held*, that the vendor was not bound to bring the suit, respecting the title to the premises, *to a successful termination before* he could require the vendee to pay the purchase money, and an injunction restraining him from enforcing the payment should be dissolved.

If a plaintiff, in a suit for an injunction, desires that his petition, after a dissolution of the injunction, should be continued over as an original suit, it is his duty to call the matter to the attention of the court, and ask that the case be given that direction; having failed to do so, he can not complain in the appellate court that the court below dismissed the entire proceedings.

Error from Matagorda.   Tried below before the Hon. George W. Smith.

This suit was instituted by the appellants, J. W. Baldridge, J. H. Baldridge and Daniel P. Sparks, against the appellee and the sheriff of said county, to enjoin the collection of a judgment rendered in the District Court of said county for the purchase money of an undivided fourth interest in a tract of land purchased by appellants of appellee.

The appellants purchased of appellee, an undivided fourth interest of one hundred and seventy-nine and one-half acres of land situated on Matagorda bay and Powder Horn bayou, in consideration of certain improvements to be made by the vendees, and for the further consideration of one thousand dollars, to be paid in four to eight weeks; five hundred dollars to be paid in six months; one thousand dollars in two years, and two thousand dollars in three years.   Cook bound himself in a penalty of twenty thousand dollars, on the completion of the work named and on payment of the sums of money mentioned, to make or cause to be made to the vendees "a full, perfect and general warranty deed in fee simple," to an undivided fourth interest in the premises.   He sued on the notes for one and two thousand dollars and obtained judgment. Execution was issued.   To enjoin collection, this proceeding was had.

The petitioners set out the contract, and made the same a part of their petition.   They charged that, since the execution of the contract, they had discovered that the representations of Cook in

reference to the validity of his title to the premises were untrue; that Cook and petitioners had been sued in the United States Court for the land described in the contract, by Albert T. Burnley and others, who claimed the land by and through a grant to one. Juan Cano; that Cook had represented the claim of Burnley and others to be worthless; that petitioners had been advised by those learned in the law, that the title of Burnley and others was superior and paramount to the title of Cook, and they so charged the same to be; that petitioners had paid two thousand dollars of the purchase money, also, large sums of money in defending the suit by Burnley and others, also, fifty thousand dollars in making improvements on the premises; that Cook was insolvent and unable to pay the amount of the penalty, or any part of it; that he had no property or effects, or very little, subject to execution, in this State or elsewhere, within the knowledge of petitioners; that if Burnley and others established their title to the land, they, in con sequence of the insolvency of Cook, would be without remedy for any sum or sums they may pay under the contract; that petitioners had fully complied with their part of the contract, with the exception of paying the last two notes; that these two notes, after the institution of the suit by Burnley and others, were presented to petitioners for payment by the attorney of Cook; and petitioners fearing the result of said suit, and being fully satisfied of the insolvency of Cook, declined to pay the same, but agreed and proposed to pay the same, if Cook would give to petitioners a good' and sufficient bond and security, conditioned that the money thus claimed and demanded should be repaid to your petitioners in the event that the suit of Burnley and others should be determined against Cook; that the attorney of Cook stated to petitioners that he (Cook) would accept this proposition; that Cook failed to comply with his promise, but sued on the notes and obtained judgment; that petitioners were fearful that Burnley and others would eventually establish their title to the land, and they would be ejected therefrom; that if Cook should be permitted to collect the judgment from petitioners, that the amount so paid, in consequence of the insolvency of Cook and of his inability to discharge the penalty, would be an entire loss; and should they rescind the contract, the

amount expended by them in improvements, for the same reason, would be an entire loss also; that they were ready and willing to complete the contract by the payment of the balance of the purchase money so soon as Cook would make a good and perfect title to the land, as provided for in the contract. They prayed for a writ of injunction. The contract and transcripts of the proceedings had in this suit on the two notes were filed as exhibits and made a part of the petition, which were substantially as stated in the petition. The injunction was granted, and the writ issued.

The defendant, in a sworn answer, admitted the execution of the contract; asserted title in the land at the date of the contract and since that time; charged that the plaintiffs at the time of entering were fully aware of the pendency of the suit instituted by Burnley and others; that "plaintiffs do not allege that the title of Burnley and others is a superior and valid outstanding title, but it is only stated as the opinion of learned men in the law, and not as a fact of their own knowledge." The defendant denied all misrepresentations as to the title to the premises; that plaintiffs, though denying the validity of defendant's title, were prosecuting a suit against him for a partition of the premises. The defendant denied that plaintiffs had complied with their part of the contract as alleged, or that they had expended fifty thousand dollars in improvements; but at most some twenty thousand dollars. He denied that he was insolvent, but that he was fully able to respond to the penalty embraced in the contract, and was still fully able to do so. He denied the alleged agreement made by his attorney in his behalf. He alleged that he was not bound to execute a deed until the conditions of the contract are complied with by the plaintiffs; but when complied with, he was ready to perform his part of the contract. He admitted that he had sued on the notes as alleged, and obtained judgment.

To an amended petition, the plaintiffs annexed to and made a part thereof, a certified copy of the title to Juan Cano, which, they averred, included and covered the land in controversy; that Burnley and others were the holders of said title, which was superior and paramount to that of defendant; that like titles had been decided by the Supreme Court of the United States to be

valid; that the suit of Burnley and others was pending and un-decided; charged fraud and misrepresentation on defendant; an-nexed to and made part of their amended petition was a trans-cript of the proceedings had in the Burnley suit.

In an amended answer, which was also sworn to, Cook admitted the pendency of the Burnley suit; denied that their title was paramount and superior to his; averred that the land mentioned in the contract was not embraced in the Cano league; denied the allegations of fraud; annexed to and made a part of his amended answer, a patent from the government of Texas to him for the land mentioned in the contract.

The defendant moved to dissolve the injunction, 1st. Because the petition of plaintiffs showed upon its face that they were not entitled to any relief whatever. 2d. Because the answers of de-fendant are fully responsive to the petition, and deny each and every allegation material to the issues involved.

The plaintiffs offered to prove the insolvency of Cook; but the evidence was excluded. The court dissolved the injunction and "dismissed the entire proceedings," from which judgment the plaintiffs appealed and assigned for error the exclusion of the evi-dence in reference to insolvency, the dissolution of the injunction and the dismissal of the suit and the proceedings thereon.

*Ballinger & Jack*, for the appellants.

*Atchison*, for the appellee.

MOORE, J.—The distinctions between executed and executory contracts for the sale of land, are recognized and clearly defined by this court in the case of Cooper v. Singleton, 19 Tex. Rep., 260. The general rule enunciated in that case, that so long as the contract remains executory the purchaser shall not be com-pelled to pay the purchase money and take a defective title, has been uniformly sustained and followed in the subsequent decisions of the court, (Hurt v. McReynolds, 20 Tex. Rep., 601,) and other cases in manuscript not yet reported, and must now be regarded as settled law in this court. This general rule, however, is not

without qualification or exception, and in the case of Cooper v. Singleton, it is said, if the vendee knew of the defect in the title at the time of the purchase, without stipulating for a covenant as security against it, he consents, in effect, to take the risk of the purchase upon himself.

It is evident from the contract between the parties in this case, as well as the admissions in the petition of the appellants, that they were fully apprised at the time of their purchase that appellee's title to the land was in dispute and litigation.

They did not, however, take upon themselves the risk of the failure of the title from the ultimate determination of the controversy in which it was involved; but for security for this or any defect in the appellee's title, they bound him in the penalty of twenty thousand dollars to make, or cause to be made to them on their payment of the purchase money and the completion of their improvements stipulated for in the contract, "a full, perfect and general warranty deed in fee simple." If the appellants had not known when they entered into this contract, of the dispute about the title, and they had not evidently contracted with reference to this state of facts, they could have required the appellee to have placed himself in a position to have conveyed to them a valid title before enforcing the payment of the purchase money. It is very apparent, however, from the statements of the appellants themselves, that the parties must have known that the litigation in which the land was involved, might be protracted for years; that no definite period could be fixed for its final termination. The payment of the purchase money was stipulated for at a day certain. It was not made dependent upon the termination of the litigation, in which the title to the land was known to be involved. We are of the opinion, therefore, that the parties did not intend at the time of entering into the contract, that by its stipulations appellee was bound to bring the suit respecting the land to a successful termination, before he could require from the appellants payment of the purchase money. They contracted with reference to the situation and condition of appellee's title, and relied for protection upon the covenants of warranty for which they stipulated. The right of the appellants to relief in this case,

Baldridge v. Cook.

therefore, depended upon the fact whether, as they allege, appellee had made false and fraudulent representations to them in respect to his title, by which they were deceived, or whether there had been any new development as to the title since the contract was made, or appellee's ability to respond upon a breach of his covenants had since that time undergone a material change. The allegations of the petition in these particulars are, however, fully met and repelled by the answer, and the action of the court in dissolving the injunction was, therefore, unquestionably correct.

But, although the injunction was properly dissolved upon the denial of the equity of the petition by the answer, appellants insist that there was error in dismissing the petition. Unquestionably, if they had have asked it, the petition should have been continued over as an original suit, and the appellee required to have given bond to refund the money which he was seeking to collect in the event of a final decree in appellants' favor. (Art. 1022, O. & W. Dig.) But they failed to ask that this should be done. If they desired that the petition should stand over as an original suit, it was their duty to have called the matter to the attention of the court, and to have requested that the case should be given this direction. Having failed to do so, they cannot complain if the court assumed, from their apparent acquiescence, that they were consenting, if not desirous of a final disposition of the case. The bill of exception shows that appellants proposed to prove that appellee was insolvent; but this seems to have been for the purpose of sustaining the injunction, and cannot, therefore, be regarded as indicative of a wish that their petition should stand over as an original suit. It is also to be observed that it was not proposed to show that appellee's alleged insolvency had occurred since they contracted for the purchase of the land, nor in fact do they so charge in their petition. There is no error in the judgment, and it is affirmed.

Judgment affirmed.