## H. J. GASKINS v. MARY A. PEEBLES ET AL.

1. INJUNCTION—PRACTICE.—It is not error to dismiss a bill for injunction which is defective, where the plaintiff does not ask that it be continued for hearing with leave to amend.
2. SAME.—A party in possession of land, seeking relief in equity, and failing to show a possible or threatened injury to his possession or title, makes no case, and the dissmisal of such petition is not error.
3. SPECIFIC PERFORMANCE.—A bill for specific performance must show the contract, including consideration, date, terms, and stipulations.

APPEAL from Austin.    Tried below before the Hon. Livingston Lindsay.

Gaskins brought suit 30th March, 1871, against Mary A. Peebles and husband, R. R. Peebles, and H. H. Boone, administrator of the estate of C. C. Williams, alleging, in substance, that plaintiff had bought part of a certain lot, No. 9, in block 195, in Hempstead, of one Bush, paying full consideration therefor, and in ignorance that the vendor's lien was held on it by Peebles and wife ; that Peebles and wife obtained a judgment enforcing the vendor's lien on said lot, but before the sale Gaskins (plaintiff) contracted with Peebles and wife that the rents of the lot should be paid over monthly to Peebles and wife until two hundred dollars, the estimated worth of the lot without improvements, should be paid, when the title was to be released by Peebles and wife to plaintiff; that under said contract the rents had been so applied and until over two hundred dollars had been paid, whereby he was in equity the owner of said lot ; that under an execution held by Boone, administrator of Williams, the lot was advertised for sale.    The lot was claimed by Mrs. Peebles as her separate property.    Writ of injunction was prayed for, and judgment for the lot.

In the record no injunction bond or writ of injunction appears, nor is the bill sworn to.

The defendants filed a motion to dissolve the injunction

and dismiss the bill, for want of affidavit and bond and want of equity.

August 14, 1871, the injunction was dissolved and the bill dismissed, to which exceptions were taken, and notice of appeal was given.

By writ of error the case is brought up for revision by Gaskins.

*Giddings & Morris,* for plaintiff in error.

*Hunt & Holland,* for defendants in error.

MOORE, ASSOCIATE JUSTICE.—If an injunction was ever issued in this case, which can only be inferred from the judgment of the court ordering its dissolution, it was certainly unauthorized. The petition was not sworn to, nor was a bond given to the party to be stayed in the collection of his debt, as is expressly required by the statute. (Paschal's Dig., arts. 3929, 3933.) There can be no question therefore that the court did not err in dissolving the injunction if, as we have said, it was ever issued. And unless the plaintiff had asked to continue the case over, and proffered to amend his petition so as to show a cause of action or ground for relief against Boone, it cannot be said that, as to him at least, the petition was not properly dismissed.

It may be urged that these objections to the petition do not apply to the defendants, Peebles and wife, and therefore the petition should not have been dismissed as to them. If plaintiff has title to the land and is not bound by the judgment against his vendor, Bush, as he is in possession of the lot, and it is not alleged that Peebles and wife have done anything to disturb or interrupt this possession, or that they have threatened or can legally do so, or that the deed from the sheriff to Mrs. Peebles casts a cloud on his title, there is no necessity for the interposition of the court. If, however, the decree against Bush is binding upon him he certainly has no ground for relief, so far as is shown in his

petition, unless it is by reason of the alleged adjustment of the amount of purchase-money justly chargeable on the portion of the lot purchased of Bush and the agreement that this sum should be paid from the rent of the premises. In this aspect of the case the petition must be regarded as a suit for specific performance. But if so, we are constrained to say the facts relied upon, the consideration for the agreement, the time when it was entered into, its terms and stipulations, are all so vaguely and indefinitely presented in the petition, together with the failure to account for his delay in asking its enforcement at an earlier day, forbid our saying that the court erred in holding, in effect, that the petition did not present such a case as required the court to grant relief of this character.

The judgment is therefore affirmed.

AFFIRMED.