J. W. WITHEE V. J. F. BROWN ET ALS.

(No. 547, Op. Book No. 2, p. 632.)

ERROR from Titus County. Opinion by WHITE, P. J.

§ **544.** *Injunction to restrain the sale of exempt property.* The petition for injunction certainly alleged valid equitable grounds for relief when it set forth the articles

of property levied upon, and which were about to be sold under execution, and averred that the same were exempt from forced sale under the constitution and laws; and the court erred in dissolving the injunction for want of equity in the bill. Whether the property mentioned was exempt was a matter of law and fact, to be determined after hearing the evidence [Dearborn v. Phillips, 21 Tex. 449], especially where there was no sworn answer of defendant. pretending to traverse the facts alleged.

§ 545. *Right of a man to claim property acquired during marriage as exempt after dissolution of the marriage.* It is admitted that appellant acquired and used the property during the time he was a married man and head of a family, and he avers that he has continued to occupy, use and enjoy it with his servants and hirelings since. In Taylor v. Boulware, 17 Tex. 74, it was held with regard to the homestead, that such a state of facts would continue the exemption. The case as made by these facts is essentially different from the case of Howard v. Marshall, 48 Tex. 471, because Marshall had never been a married man, and had no family such as is contemplated in the constitutional and legislative enactments upon the subject. And it is different from Whitehead v. Nicholson, 48 Tex. 517, because Nicholson was not the constituent of a family when he acquired the property claimed as a homestead, and the supposed family which he collected after acquisition of title to the property, the exemption was not intended to be secured to. The property here was acquired when appellant Withee was a. married man, and he used and enjoyed the property with his family; and when the marital relations were dissolved, as a constituent of the family, he still continued the use, occupancy and enjoyment of the property. We think the case comes within the rule of Taylor v. Boulware, *supra.*

December 11, 1880.　　　Reversed and remanded.