V. W. HALE v. A. W. McComas ET AL.

(Case No. 3650.)

1. INJUNCTION.— A petition for injunction to restrain the enforcement of a judgment rendered against the plaintiff by a justice of the peace, for debt, set forth that he was cited to appear before the magistrate the first Monday in February, 1875, whereas the original writ was dated and the copy served on the 23d of February, A. D. 1875. The petition did not negative, by averments, the fact that the original writ was valid, and cited him to appear at a proper term after its issuance, nor did it allege that the plaintiff was misled or mistaken as to the time he was required to appear by the original writ, nor was any ground of ignorance, accident, surprise, mistake, or fraud, alleged as an excuse for not appearing in the justice's court to defend. *Held*,

(1) A mere defective service of process did not, of itself, invalidate the judgment so as to render it void.

(2) The dismissal of the case for want of equity in the bill, and rendering judgment against the plaintiff and his sureties for the amount of the judgment enjoined, with ten per cent. damages, was proper; the plaintiff having declined to amend, or ask that the cause be continued for hearing as an original suit.

APPEAL from Lamar. Tried below before the Hon. R. R. Gaines.

Suit by V. W. Hale against A. W. McComas and others, to enjoin the enforcement of a judgment rendered against him in favor of A. W. McComas & Co., on the ground that he had not been served with any process which required him to appear before the justice of the peace who rendered the judgment, and that he had a valid and just

defense against the account on which the suit was brought. The petition was filed in 1875, and the cause was determined in November, 1877.' On final hearing the court dismissed the cause for want of equity in the bill, and rendered judgment against the plaintiff and the sureties on his injunction bond for the amount of the judgment which was enjoined, and for ten per cent. damages. The plaintiff appealed and assigned errors.

*V. W. Hale*, for appellant, cited Mitchell *v.* Runkle, 25 Tex. Sup., 136; Masterson *v.* Ashcom, 54 Tex., 324; House *v.* Collins, 42 Tex., 486; Wade on Notice, secs. 1137, 1138; Wells on Res Adjudicata, secs. 503–505; id., 498; Freeman on Judgments, sec. 495; McNeill *v.* Edie, 24 Kan., 108.

*J. G. Dudley*, for appellees.

WALKER, P. J. COM. APP.— The appellant assigns as error, "the ruling and judgment of the court in dissolving the injunction and dismissing the petition; and in rendering final judgment for defendants McComas & Co. on their original account against plaintiff and his sureties on the injunction bond, without giving the plaintiff an opportunity to be heard in his defense against said account."

The first of these propositions is decisive of the latter; for, if the injunction was correctly dissolved, for want of equity in the bill, the proper judgment of the court upon that order would be to render judgment against the plaintiff and the sureties on his injunction bond for the principal sum enjoined, including the ten per cent. damages, unless the plaintiff sought to amend his petition after the court held the petition insufficient under said order. But here it does not appear that the plaintiff asked leave to amend his petition, or to otherwise provide for supplying the want of equity in his bill, nor to delay the hearing of the cause, in order that he might be enabled to meet the objections which had been sustained to his petition.

It is not error to dismiss a bill for injunction which is defective, · where the plaintiff does not ask that it be continued for hearing with leave to amend. Gaskins *v.* Peebles, 44 Tex., 390. The same rule applies to the case of an interlocutory order dissolving the injunction, made on the hearing of an answer denying all equity in the petition, unless it appears from the record that the plaintiff asked that the petition be continued over for trial or hearing as an original petition or suit. Lively *v.* Bustow, 12 Tex., 60. If the

plaintiff fails, when the ruling of the court is adverse to him, to call to its attention his wish to amend, or to continue over for a hearing, as the case may be, he cannot complain in the appellate court that the court below dismissed the entire proceedings. See Baldridge v. Cook, 27 Tex., 565. The proceedings had upon the motion seem to be in conformity with proper practice in such cases, as indicated by the opinion in Pryor v. Emerson, 22 Tex., 165–6. And see, also, Cook v. De la Garza, 13 Tex., 431.

The right of the plaintiff "to have an opportunity," as he puts the proposition in the assignment of errors, to be heard in his defense, involved and was of the essence of the merits and *gist* of his bill in equity for relief by injunction; and the bill being wanting in merit to entitle him to relief, there was an end of his right to a hearing in his defense against the defendants' account. It was no longer an account, but had been merged into a judgment, which this suit sought to set aside and enjoin the enforcement of; and the plaintiff failing to show grounds for such relief, there remained no case before the court whereon to rest a hearing of the merits of the plaintiff's defense against the account.

It is quite true that the matters of original controversy between the parties to a judgment, the enforcement of which, on account of its invalidity or irregularity has been enjoined, will be taken hold of by a court of equity in an injunction suit brought to restrain and enjoin its operative effect; and having obtained jurisdiction and cognizance of the case for one purpose, will retain it for the further purpose of doing full and complete justice between the parties, and will give the appropriate judgment upon the cause of action on which the judgment which was enjoined had been rendered, according to the justice of the case. See Witt v. Kauffman, 25 Tex. Sup., 386; 21 Tex., 186; 22 Tex., 241. The plaintiff, however, occupies a position which disables him to invoke this rule; if his petition showed no sufficient grounds for equitable relief by enjoining the judgment, the court acquired no right to unsettle the judgment of a court of competent jurisdiction which had determined the matter of controversy, and which then was in full force.

The court did not err in sustaining the motion to dissolve the injunction for want of equity. The petition of the plaintiff relied upon the defect in the service of the writ upon him as having the effect to render the judgment void. The copy which was served upon him was not a true copy of the original, in that the copy cited him to appear on the first Monday of February, 1875, whereas the original writ was dated and the copy was served on the 23d of

February, 1875. The petition, whilst it carefully gives a copy of the paper which was served upon him, does not allege any fact that negatives that the original was a valid writ, citing him to appear at the next ensuing term of the justice's court, to be holden on the first Monday in March, 1875; nor does he allege that he was in fact misled, or mistaken as to the time when the original writ required him to appear to answer the defendants' complaint. Nor does he allege any ground of accident, surprise, mistake or fraud, to excuse himself from availing himself of his legal remedies. Failing to show in his petition any ground of nullity in the judgment, he must fail in procuring the aid of a court of equity, unless he shows that he has been deprived of his right to make his defense at law, without fault or negligence on his part. In order to do so, it was necessary for him to account for his failure to appear before the justice's court, and make such exceptions as he now urges, if he desired to do so, or such other defenses as he deemed proper to make. And if he had been, in fact, misled to his default, by actual ignorance as to the time when the justice's court required him to appear and answer, ignorance superinduced by the erroneous copy of the writ, without fault on his part, equity would consider with due concern for his rights, such supposed mistake, surprise or accident which had thus deprived him of making his defense, in case his bill for relief was in other respects sufficient. Merely defective service of process does not of itself invalidate a judgment rendered upon it so as to render it void. This was a case of that kind; the service was merely defective. "If the objection goes to the validity of the process, and it is void, the defendant is not required to obey it; but if it is merely defective, but not void, it brings the defendant into court; and if he then does not take his exception at the proper time, he cannot afterwards be heard to urge it, . . . on error in this court." Crain v. Griffis, 14 Tex., 363. And see Halstein v. Gardner, 16 Tex., 115.

The principles and rules which govern courts of equity in cases like the present are quite too well recognized and familiar to make it necessary to adduce authorities in support of the maxims which have been announced as applicable here. See, however, 3 Wait's Actions & Def., p. 733, and authorities there cited.

The district court had jurisdiction of the cause, without reference to the amount involved. Anderson County v. John S. Kennedy, 58 Tex., 616.

We think the judgment ought to be affirmed.

AFFIRMED.

[Opinion approved May 25, 1883.]