A. J. DIXON v. A. ZADEK ET AL.

(Case No. 4231.)

1. JUDGMENT.— When a claimant files bond and affidavit, alleging ownership of goods seized under execution by the judgment creditor, and a demurrer to the sufficiency of the claim and affidavit is sustained, the judgment on the demurrer, when there is no offer to cure alleged defects, is as conclusive a determination of the cause as would be a finding and judgment upon evidence. Such a judgment is *res adjudicata*, and may be pleaded as such in a subsequent suit between the same parties or their privies.

2. SAME.— When such a demurrer was sustained, and the claim to the property "dismissed," the judgment creditor was entitled, under art. 4843, R. S., to a judgment against the sureties on the claimant's bond, and against the claimant for the value of the property, with legal interest thereon from the date of the bond. A dismissal of the claim could not deprive him of that right, and the proper practice would be to ascertain the value of the property after the demurrer is sustained and render a judgment for that amount.

Appeal from Navarro. Tried below before the Hon. D. M. Prendergast.

A. J. Dixon recovered a judgment against Joseph Peyton as principal, and Adolph Zadek and Isaac Baum as sureties, for $142.42 and $92 costs. Execution issued and levied upon property of A. Zadek, who, together with Baum, sued out a writ of injunction restraining sale of goods under execution. The injunction was dissolved, and a judgment rendered against Zadek and Baum and their sureties for the sum of $142.42, principal, with interest and $99, upon which execution again issued. I. Baum paid the entire execution and caused an execution for one-half the amount paid by him to issue against A. Zadek, his co-surety, to wit, for the sum of $186.20. The execution was levied upon certain articles as the property of A. Zadek. Mrs. Bertha Caspar, sister of Zadek, filed a claim bond and affidavit alleging the goods levied upon were the property of A. Zadek & Co.; that she was the only partner furnishing goods and credit to said firm, and that the articles levied on were needed by the firm to carry on the business and to pay its debts.

Plaintiffs demurred to claim, because it showed no grounds of claim to property, or to exempt it from execution.

The court sustained demurrer and dismissed the claim, but refused to give any judgment against claimants and their sureties on claim bond. Plaintiffs then moved to amend the judgment, and for judgment against S. A. Pace and A. Fox, claimant's sureties on her bond, asking judgment to be reformed, which was refused; plaintiffs excepted, gave notice of appeal, and assigned following errors:

1. The court having sustained plaintiff's demurrer to claimants' affidavit, erred in not rendering judgment for plaintiff against said claimants and their sureties for the value of the property claimed, with legal interest thereon from the date of said bond.

2. The claimants having failed to establish their right to the property claimed, the court erred in overruling plaintiff's motion to amend and correct the judgment of the court, and refusing to enter judgment for plaintiffs against A. Zadek & Co. and their sureties, S. A. Pace and A. Fox, as prayed for in their motion.

3. The court erred in refusing to enter the form of judgment submitted by plaintiffs, with motion to reform and correct judgment entered by the court.

*Simpkins & Simpkins*, for appellant.

*R. C. Beale*, for appellees.

WALKER, P. J. COM. APP.— The demurrer of the plaintiff to the sufficiency of the claimants' affidavit of claim of the property levied on, and his motion to dismiss the cause for its alleged insufficiency, was not directed to formal defects in the affidavit, but it involved the substantial elements essential to constitute a valid and sufficient basis for the support of claimants' cause of action. The demurrer being sustained, the defendants did not offer to either amend by substituting an additional affidavit, or by otherwise altering the grounds on which they had rested their right to claim the property as being not subject to the plaintiff's levy; and, consequently, the judgment against the defendants on the demurrer became as conclusive a determination of the merits of the cause, and of all such issues as might have been litigated between the parties in that action, as though the cause had been determined under formal issues, the hearing of evidence, and a judgment rendered thereon. See Graham v. Vining, 1 Tex., 669; 44 Tex., 390; 12 Tex., 60; 27 Tex., 565; Hale v. McComas, at this term. Such a judgment, thus rendered on a successful demurrer, is *res adjudicata*, and may be pleaded as such in another action involving the same cause of action between the same parties or their privies. Wells' Res Adjudicata, sec. 446; Gray v. Gray, 34 Ga., 502; Gould v. R. R., 91 U. S., 533, and cases cited; Aurora City v. West, 7 Wall., 99; Clearwater v. Meredith, 1 Wall., 43; Bouchaud v. Dias, 3 Denio, 244.

This proposition we regard as decisive of this appeal. The judgment upon the demurrer was a final determination of the merits of the cause, and the result of it was a failure on the part of the claimants to establish their right to the property, as against the plaintiff's right as a creditor.

This cause was tried and determined after the adoption of the Revised Statutes; it contains a provision regulating the subject under consideration, which had not hitherto existed in the statutes regulating the trial of the right of property, which reads as follows: "Art. 4843. In all cases where any claimant of property, under the provisions of this title, shall fail to establish his right thereto, judgment shall be rendered against him and his sureties for the value of the property, with legal interest thereon from the date of such bond."

It follows as the necessary sequence to what has been said, that, when the demurrer was sustained, and the defendants' "claim," in the language of the judgment, was "dismissed," that the legal effect of that adjudication entitled the plaintiff, under the article

above quoted, to a judgment against the sureties on the claimants' bond as well as against themselves, for the value of the property, with legal interest thereon from the date of the bond.

The dismissal on demurrer of a claimant's cause of action does not preclude the plaintiff from obtaining the benefits of those statutory remedies provided by law to protect him against the injuries consequent upon ill-founded suits against him; as for instance, judgment for ten per cent. damages under previous laws against principal and sureties on injunction bonds, rendered on the dissolution of an injunction in certain cases; and judgment against such parties for the amount of the debt in cases of dissolution of injunctions, or the dismissal of the same for want of equity. See Western v. Woods, 1 Tex., 1; Wright v. Thomas, 6 Tex., 420.

And so, too, it is manifest that the dismissal of the claimant's action for its insufficiency in law cannot any more have the effect to deny to the plaintiff his right to that statutory redress provided for his advantage in cases where a claimant fails to establish his right to the property in dispute, than if such failure of the claimant should be manifested through a verdict and judgment rendered upon issues on a formal trial upon the facts.

If the record showed a sufficient basis to enable the supreme court to assume what was the value of the property, the proper judgment in the case would be finally rendered by it now; but although the sheriff's valuation is *prima facie* evidence of its true value, it is not conclusive, and the estimated value may be controverted by the defendants and their sureties whenever the question shall arise as to what shall be the amount of the judgment to be rendered.

We conclude, therefore, that the judgment should be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion approved June 5, 1883.]