WASHINGTON COUNTY v. F. SCHULZ ET AL.

(Case No. 1908.)

1. INJUNCTION — DISSOLUTION.— Where a party, having already instituted suit, seeks to enjoin the sale of certain property of defendant on the ground of fraud, if the petition for injunction contained averments sufficient, if established by proof on the final hearing, to entitle the one asking to the relief sought, or if it could have been so amended as to state a good cause of action, the court below should not have dissolved the injunction and dismissed the case, but should have retained the original cause when asked, so as to give the party seeking the remedy an opportunity of proving the averments of the petition.

2. CASES CITED AND APPROVED.— Hall v. McComas, 59 Tex., 484; Pullen v. Baker, 41 Tex., 420; Gaskins v. Peebles, 44 Tex., 390; Lively v. Bristow, 12 Tex., 60; Floyd v. Turner, 23 Tex., 294; Baldridge v. Cook, 27 Tex., 565; Edrington v. Allsbrooks, 21 Tex., 188; Eccles v. Daniels, 16 Tex., 137; Sims v. Redding, 20 Tex., 387; Fulgham v. Chevallier, 10 Tex., 518, cited and approved.

APPEAL from Washington. Tried below before the Hon. I. B. McFarland.

On the 12th day of January, 1884, F. Schulz and his wife Wilhelmina Schulz, for a consideration of $6,000, deeded about six hundred acres of land to H. Schulz, Carl Schulz and Ferdinand Rogge, and on the same day went before H. Miller, a notary public in and for Washington county, and acknowledged the same. On the 16th day of February, 1884, F. Schulz became one of the sureties of C. C. Lieb, the county treasurer of Washington county, on a special bond required of the treasurer by the commissioners' court to cover what was known as the court-house fund.

On August 1, 1884, Lieb defaulted to Washington county for about $24,000.

On the 11th day of August, 1884, Washington county filed suit against C. C. Lieb and all of his sureties on all of his official bonds

to recover the amount that was due by Lieb to Washington county.

On the 22d day of August, 1884, this suit was filed by Washington county against appellees, alleging that the sale made in January, 1884, by F. Schulz to Rogge *et als.* was pretended, fraudulent, etc., and asking that the same be set aside, and prayed for a writ of injunction restraining the appellees from selling the land, notes, etc. On the 22d day of August, 1884, the writ of injunction was granted as prayed for.

At the time of the filing of this suit and granting of the writ of injunction Washington county had not recovered any judgment against C. C. Lieb or any of his sureties, and alleged in the petition in this case that judgment could not be recovered before the 5th day of September, 1884, if then.

On September 1, 1884, H. Schulz, Carl Schulz and F. Rogge filed a motion to dissolve the injunction and dismiss the bill, for the following reasons:

1. Because the petition is insufficient in law, and shows no cause of action.

2. Because the petition fails to show any equity that entitles the plaintiff to the writ.

3. Because the plaintiff has an adequate remedy at law.

4. Because the affidavit to the petition is not such an affidavit as the law requires.

And answering, defendants denied all the charges of fraud so far as they were concerned, and set up that they had purchased the land in good faith from F. Schulz for more than a month before he signed the official bond of C. C. Lieb.

On the 15th day of September, 1884, the court dissolved the injunction and dismissed the bill.

*Breedlove & Ewing*, for appellant, on the refusal of the district court to hear the cause on its merits, cited:   High on Injunctions, §§ 26, 27, 94, 250, 820; Bump on Fraudulent Conveyances, 515; Hudson *v.* Daingerfield, 20 Amer. Dec., 297; Miller *v.* Davidson, 44 Amer. Dec., 715.

*Searcy & Bryan* and *J. E. Shepard*, for appellees.

WEST, ASSOCIATE JUSTICE.— We are of opinion that, under the state of facts disclosed by the record in this case, the district court was in error in entirely dismissing appellant's suit, and in rendering a final judgment against the county.

The judgment recites that the case was heard only on appellees' motion to dissolve the injunction, which had been previously granted in the cause; and on that motion being sustained, and before any further action had been had, that the appellant at once demanded a hearing of the cause on the merits.

If the petition contained averments sufficient, if established by proof on the final hearing, to entitle appellant to the relief sought, or if it could have been amended so as to state a good cause of action, it should have been retained, when he asked that it be done, to give the appellant an opportunity of proving the averments to be true, and thus obtain the relief sought. The following cases sustain the views above announced: Hale v. McComas, 59 Tex., 484; Pullen v. Baker, 41 Tex., 420; Gaskins v. Peebles, 44 Tex., 390; Sims v. Redding, 20 Tex., 387; Floyd v. Turner, 23 Tex., 394; Lively v. Bristow, 12 Tex., 60; Fulgham v. Chevallier, 10 Tex., 518; Baldridge v. Cook, 27 Tex., 565; Edrington v. Allsbrooks, 21 Tex., 188; Eccles v. Daniels, 16 Tex., 137.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered January 13, 1885.]