Opinion of the court.

No. 2098.

E. M. LOVE v. H. W. POWELL.

67　15
82　446

1. INJUNCTION—EQUITY—FACT CASE.—A petition for injunction alleged that defendant paid off a judgment against plaintiff, agreeing to take in payment of the money so advanced a certain tract of land; that in pursuance of this agreement defendant was put in possession, and was still in possession, of the land, but, claiming to be the owner of the judgment, had sued out execution, levied it upon plaintiff's lands, and would cause the same to be sold if not enjoined. *Held*, the petition showed good grounds for a writ of injunction.

2. TEMPORARY INJUNCTION—DISSOLUTION—EFFECT—PRACTICE.—In a suit by injunction, when the temporary injunction has been dissolved on the filing of an answer swearing away the equities of the bill, the plaintiff is entitled to a trial upon the merits unless the right is expressly waived, and it is error to dismiss though the plaintiff make no request for a trial on the merits. (Pullen v. Baker, 41 Texas, 419; Fulgham v. Chevallier, 10 Texas, 549; Burnley v. Cook, 13 Texas, 586; Dearborn v. Phillips, 21 Texas, 449; Texas Land Co. v. Turman, 53 Texas, 623.)

2. SAME—CASES OVERRULED.—Gaskins v. Peebles, 44 Texas, 390; Sims v. Redding, 20 Texas, 386; Lively v. Bristow, 12 Texas, 60; Clegg v. Darragh, 63 Texas, 357; Baldridge v. Cook, 27 Texas, 565, overruled, and the distinction laid down in Texas Land Company v. Turman not recognized.

APPEAL from Navarro. Tried below before the Hon L. D. Bradley.

The opinion states the facts.

*W. J. McKie*, for appellant, cited: 32 Texas, 218; 50 Texas, 562; 13 Texas, 585; 38 Texas, 517; 10 Texas, 517.

*A. B. Lee*, for appellee, cited: Hale v. McComas, 59 Texas, 485; Lively v. Bristow, 12 Texas, 60; Gaskins v. Peebles, 44 Texas, 390; Baldridge v. Cook, 27 Texas, 565.

GAINES, ASSOCIATE JUSTICE. The amended petition of appellant, who was plaintiff in the court below, among other averments, made in substance the following allegations: That one John C. Robertson having obtained judgment against her, and having caused execution to issue thereon, was about to force a sale of her lands, when appellee paid the judgment, agreeing with her at the time to take in payment of the money so advanced a certain tract

of land, which she promised to convey ; that in pursuance of this
contract, which was alleged to be by parol, she put appellee in
possession, and that he had ever since held possession of and had
improved it, but that since that time, claiming to be the owner of
the judgment, he had sued out execution and had levied it upon
her lands, and would cause the same to be sold if not enjoined.
A writ of injunction was prayed for and issued. At a subsequent
term of the court appellee filed an amended answer demurring
generally and specially to plaintiff's petition, and also specially
denying under oath the material allegations thereof ; and after-
wards filed a motion to dissolve the injunction on the grounds of
a want of equity in the petition and the sworn denial in the
answer. Upon the hearing of the motion, which came on in term
time, the court sustained it, and appellant declining to amend,
dismissed the suit,—to which appellant excepted in open court.

The assignments of error are numerous, but we shall only con-
sider the second and third, both of which are to the effect that
the court erred in dismissing the cause upon dissolution of the
injunction, and in not holding it over for a hearing upon the
merits.

It does not appear from the record upon what ground the
learned judge who heard this motion placed his ruling. As we
construe the petition, however, it alleges that the judgment was
paid off by appellee, and not simply purchased. This, taken
in connection with the other allegations in it, we certainly think,
showed good ground for a writ of injunction, and that the court
could not have dismissed the petition for the want of equity.
But the sworn answer authorized the dissolution of the injunc-
tion, and upon this ground the judgment to that extent must be
sustained. But the question arises, was the action of the court
proper in dismissing the suit?

Upon this question we find numerous decisions of this court,
presenting, as we think, an irreconcilable conflict of authority.
All the cases agree that when the dissolution is granted because
of the want of equity in the petition, and the injunction is the
sole object of the suit, if plaintiff declines to amend, the case
should be dismissed. (Hale v. McComas, 59 Texas, 484; Corsi-
cana v. White, 57 Texas, 382; Gaskins v. Peebles, 44 Texas, 390;
Pryor v. Emerson, 22 Texas, 162; Cook v. De la Garza, 13 Texas,
431; Baldridge v. Cook, 27 Texas, 565; Gibson v. Moore, 22 Texas,
611.) The decisions are equally uniform, that when the injunc-
tion is dissolved by reason of a sworn denial of the facts stated

in the petition, the suit should be continued for a hearing on the merits, if plaintiff demand or indicate his wish that this should be done. (Washington County v. Shultz, 63 Texas, 32; Floyd v. Turner, 23 Texas, 292; Horton v. Jones, Dallam, 466; L. & H. Blum v. Schram & Co., 58 Texas, 524.) But in such case is it error to dismiss, no demand to continue the case ever being made?

In examining the cases in which this question has been directly decided, we usually find the decision simply stated without discussion of the point, and without reference to the conflict of authority upon it. With a very few exceptions, it will be sufficient, therefore, to cite the cases on either side of the question without additional comment. In Pullen v. Baker, 41 Texas, 419; Fulgham v. Chevallier, 10 Texas, 518; Burnley v. Cook, 13 Texas, 586; Dearborn v. Phillips, 21 Texas, 449, and Texas Land Company v. Turman, 53 Texas, 623, it was held error to dismiss although no request was made for a trial on the merits. But in the following cases it was decided the court did not err in dismissing the suit, and the decision is placed on the ground that no demand was made for that purpose: Gaskins v. Peebles, 44 Texas, 390; Sims v. Redding, 20 Texas, 386; Lively v. Bristow, 12 Texas, 60; and in Clegg v. Darragh, 63 Texas, 357, and in Baldridge v. Cook, 27 Texas, 565, the same doctrine is announced, but the determination of the question was necessary in neither of the cases, because in neither did the petition state sufficient grounds for an injunction, nor in either was there any offer to amend. In Hale v. McComas, supra, there is a *dictum* to the same effect, but in that case the injunction was dissolved solely on the ground of a want of equity in the petition, and no application for leave to amend appeared in the record.

We have failed to find any case recognizing this conflict of authority and offering to reconcile it, except that of Texas Land Company v. Turman, cited above. In that case, the court say, upon this point: "The petition, independently of the relief sought by the injunction, contained substantially the allegations in one of trespass to try title. In such case, if an injunction has been obtained, and is on motion dissolved, it is error thereupon to dismiss the petition, but it should be continued over for hearing on the merits; and in this particular differs from the dissolution of an injunction restraining the collection of money, in which case, unless the petition is asked to be thus continued over, it will be dismissed." That was a suit for the recovery of land and to enjoin a justice of the peace from issuing a writ of restitution of

the premises sued for; and the statement of the last proposition in the paragraph quoted was not necessary to the decision of the question presented. With due deference to the learned judge who delivered that opinion, we hardly think the distinction drawn by him borne out by the cases. Of the five cited above in support of the proposition, that it is error to dismiss a suit upon dissolution of the injunction, although no demand is made to continue it for a hearing upon the merits, two were instituted for the purpose of enjoining executions for the collection of money and vacating the judgments. These are Pullen v. Baker and Fulgham v. Chevallier. In another, Dearborn v. Phillips, supra, the object was to enjoin a sale of property under execution, which was alleged to be exempt. The cases in which the contrary doctrine has been announced, it is true, sought to restrain the collection of money. But we think this sufficient to show that the distinction made in the case of Texas Land Company v. Turman, cited above, does not draw the line between the decisions upon the point and does not reconcile the conflict between them. Nor do we see any difference in principle, so far as this question is concerned, between injunctions restraining the collection of money and other injunctions; and hence no reason for the distinction presents itself. It is true, in the former class of cases, upon the petition being held over after the injunction is dissolved, the defendant is required to give a refunding bond. (Rev. Stat., art. 2892.) But this provision of the statute is made for the protection of the plaintiff, and suggests no reason why an exceptional rule of practice should be followed in these cases. On the contrary, the refunding bond secures him the benefits of his action in the event he succeeds upon a final hearing. Of these the dissolution of the injunction may deprive him in other cases. Hence if (as some of the decisions claim) the suit is to be dismissed, because by his silence he is presumed to waive his right, there would seem to be less reason for such presumption in a case in which a refunding bond is provided for than in any other.

Since we can not recognize this distinction, we must determine what is the correct rule of practice applicable to all cases alike. In a few exceptional instances the threatened injury may be temporary, and in such the preliminary writ of injunction may afford the relief sought. But in the great majority of cases, permanent relief can not be had except by making the restraint perpetual, and it is well established in this State that a plaintiff may bring suit for injunction upon the final hearing without any re-

straining order preliminary thereto, and that, in such case, the petition for injunction need not be sworn to.   (Edrington v. Alsbrooks, 21 Texas, 186; Eccles v. Daniels, 16 Texas, 136.)

The effect of a sworn denial in the answer of the allegations in the petition upon which a preliminary injunction has been granted, is merely to counterbalance the oath of the plaintiff and to deprive him of the provisional remedy he has thereby obtained.   When a perpetual injunction is sought the preliminary writ is simply ancillary to the main proceedings, and no reason is seen why its dissolution should be construed to check the progress of the cause in any event.   No such effect is given to the dissolution of attachment, or the quashing of writs of sequestration or other provisional remedies of like character, but in all these cases the cause proceeds in the same manner as if no such ancillary process had been sued out.   Why, then, should the plaintiff in an injunction suit, where preliminary writ has been dissolved, be decreed to have waived his right to a trial upon the merits, because he does not affirmatively demand it?   In our opinion, the contrary presumption ought rather to be indulged, namely that by bringing his suit he has demanded a trial if issue be joined; and that his right to trial continues unless he expressly waives it.   It is true that, in many instances, he may desire to proceed no further when his injunction is dissolved; and in such case, upon his indicating that wish, it is the duty of the court to dismiss his petition.   But it seems to us that if we construe his silence into a request for the dismissal of his cause, we lay down an arbitrary rule, which is not in accord with our system of jurisprudence.

Recurring again to the decisions, we think the weight of authority supports this conclusion.   A careful examination of the cases we have cited which lay down the contrary doctrine, discloses the fact that in Lively v. Bristow and in Sims v. Redding only, was the point really involved; and in the latter case, as shown by the Reporter's note to the syllabus, it is a little difficult to understand what the court did really intend to decide upon the question.   In Clegg v. Darragh, and in Gaskins v. Peebles, it was held there was no equity in the petitions, and there being no offer to amend, the point could not be properly raised in either of the cases.   On the other hand, in each of the decisions cited as holding it error to dismiss upon dissolution of an injunction by means of a sworn answer denying the averments of the petition, although no request for hearing on the merits is made, the judg-

ment was reversed and the cause remanded upon the sole ground of the dismissal of the petition.

We conclude, that in the case before us the court erred in not holding the case over for trial upon the merits.

On account of the conflict of authority upon the question involved in this case, and of the importance of establishing a definite rule of practice, we have devoted more space to the discussion of the point than would ordinarily have been demanded. In view of the existing decisions upon it, a discussion of the principles underlying the question seemed imperative.

On account of the error of the court in dismissing the petition at the stage of the proceedings as disclosed by the record, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered November 16, 1886.