McKENZIE et al. v. WITHERS et al.

(Court of Civil Appeals of Texas. Texarkana. Jan. 30, 1913.)

1. INJUNCTION (§ 172*) — DISSOLUTION OF TEMPORARY RESTRAINING ORDER.

Where a judgment debtor sued to restrain the judgment creditor from enforcing the judgment, and joined the constable to prevent a sale, and the judgment creditor and the constable filed sworn answers denying in detail all the material averments of the petition, the state of the pleadings authorized the court to dissolve the temporary restraining order upon motion.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 374–384; Dec. Dig. § 172.*]

2. INJUNCTION (§ 129*) — TEMPORARY INJUNCTION—STAYING EXECUTION.

Upon a petition to enjoin defendant from selling plaintiff's property on execution, in which a temporary injunction has been granted, the court, on dissolving the injunction, should not dismiss the suit, although plaintiff does not affirmatively demand a trial upon the merits.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 279–287; Dec. Dig. § 129.*]

3. APPEAL AND ERROR (§ 71*)—JUDGMENTS APPEALABLE—FINAL JUDGMENTS.

An order dismissing a temporary order restraining execution made merely on the pleadings, and without evidence as to the merits, is not a final, appealable judgment.

[Ed. Note.—For other cases. see Appeal and Error, Cent. Dig. §§ 386–401; Dec. Dig. § 71.*]

On motion for rehearing. Motion refused. For former opinion, see 152 S. W. 658.

HODGES, J. [1] This suit must be treated as one instituted by Linden, the plaintiff in the court below, exclusively for the purpose of restraining Mrs. Withers from enforcing the judgment referred to in the pleadings. Cantrell, the constable, was made a party only to prevent a sale under the execution which had been placed in his hands by Mrs. Withers for the purpose of satisfying the judgment. The petition asked for the issuance of the temporary restraining order, and was sworn to by the appli-

cant. Omitting the preliminary recitals, the restraining order was as follows: "Therefore you, Mrs. V. F. Withers and H. C. Cantrell, are hereby restrained from selling said property and further enjoined from collecting said judgment until further order of said court." Both Mrs. Withers and Cantrell filed sworn answers denying in detail all of the material averments of the original petition. This state of the pleadings authorized the court to dissolve the temporary restraining order upon a motion to that effect. Friedlander v. Ehrenworth, 58 Tex. 350; Love v. Powell, 67 Tex. 15, 2 S. W. 456. The preamble to the judgment entered is as follows: "This day this cause came on to be heard, whereupon came the defendants V. F. Withers and H. C. Cantrell and presented their motion to dissolve the injunction heretofore granted on April 30, 1910 [the temporary restraining order]; and the pleading being considered by the court, together with the motion, and fully understood, it is the opinion of the court," etc. This language indicated that the trial court merely considered the pleadings, and did not hear any evidence upon the merits of the controversy. What follows in the judgment utterly ignores the issue presented in the principal suit, which required the production of evidence to determine.

[2] In the last case referred to above Justice Gaines, after discussing a number of conflicting decisions as to the proper disposition to be made of an injunction suit after the dissolution of the temporary restraining order, says: "In a few exceptional instances the threatened injury may be temporary, and in such the preliminary writ of injunction may afford the relief sought. But in the great majority of cases permanent relief cannot be had, except by making the restraint perpetual. And it is well established in this state that a plaintiff may bring suit for injunction upon the final hearing without any restraining order preliminary thereto, and that in such case the petition for injunction need not be sworn to. Edrington v. Allsbrooks, 21 Tex. 188; Eccles v. Daniels, 16 Tex. 136. The effect of a sworn denial, in the answer, of the allegations in the petition, upon which a preliminary injunction has been granted, is merely to counterbalance the oath of the plaintiff, and to deprive him of the provisional remedy he has thereby obtained. When a perpetual injunction is sought, the preliminary writ is simply ancillary to the main proceedings, and no reason is seen why its dissolution should be construed to check the progress of the cause in any event. No such effect is given to the dissolution of attachments, or the quashing of writs of sequestration and other provisional remedies of like character; but in all these cases the cause proceeds in the same manner as if no such ancillary process had been sued out. Why, then, should

the plaintiff in an injunction suit, where preliminary writ has been dissolved, be deemed to have waived his right to a trial upon the merits because he does not affirmatively demand it? In our opinion, the contrary presumption ought rather to be indulged, namely, that by bringing his suit he has demanded a trial if issue be joined, and that his right to trial continues, unless he expressly waive it. It is true that in many instances he may desire to proceed no further when his injunction is dissolved; and in such case, upon his indicating that wish, it is the duty of the court to dismiss his petition. But it seems to us that, if we construe his silence into a request for the dismissal of his cause, we lay down an arbitrary rule, which is not in accord with our system of jurisprudence."

[3] The only feature of this judgment which indicates that a final disposition of the controversy was intended is the relief granted Mrs. Withers on her cross-action. We do not feel disposed to hold that a final decree which is couched in such uncertain language, when the intention to make it final, if it existed, could have been made certain by the addition of but a few more words. If Linden was appealing from a judgment refusing his application for the injunction sought in his original petition, it would be difficult for him to point to an order denying that relief. With this court this is a question of jurisdiction, and we do not feel inclined to go beyond the plain meaning of the terms of the judgment in order to assume jurisdiction.

We adhere to our original conclusion that no final judgment is presented in this appeal, and the motion for a rehearing will be refused.