I. K. STEIN v. FRIEBERG, KLEIN & Co. ET AL.

(Case No. 5543.)

1. INJUNCTION.— District courts have power to issue writs of injunction in cases in which a court of chancery would, under the rules of equity, have power to issue them; and this without reference to the amount involved. Following Anderson County v. Kennedy, 58 Tex., 616.

2. SAME.— Such jurisdiction is properly exercised to prevent the sale, under an execution issued on a judgment of a justice of the peace, of property exempt under law from forced sale. (Following Alexander v. Holt, 59 Tex., 205.) Jurisdiction, when once thus obtained, should be exercised to finally determine the rights involved under the issues made; and, if necessary, to perpetuate the injunction. Following Willis v. Gordon, 22 Tex., 243; Witt v. Kaufman, 25 Tex. Sup., 384, and other cases cited.

APPEAL from Uvalde. Tried below before the Hon. Thomas M. Paschal.

Frieberg, Klein & Co., on the 23d day of June, A. D. 1884, obtained judgment by default against the appellant in a justice court of Uvalde county, in a suit wherein they were plaintiffs, for the sum of $64.75 debt, with $1.30 interest, together with costs. Execution under the judgment was levied on one gray mare, the property of the appellant, of the alleged value of $150.

Stein, on the 21st July, 1884, presented his petition to the district judge, praying for a writ of injunction to restrain the appellees from selling the mare, upon the ground that he was a married man; that the mare so levied upon was one of two horses only owned by him, and at the time of said levy he notified the constable (one of the appellees) that he claimed the mare as property exempt from forced sale under the constitution and laws of the state, and that he would suffer irreparable loss and injury unless the said writ was granted.

The writ of injunction was granted and bond executed.

On exceptions filed the suit was dismissed, it appears, on the ground that the court had no jurisdiction.

*Baker, Archer & Clark,* for appellant, cited: Alexander *v.* Holt, 59 Tex., 205.

No briefs for appellee have reached the reporter.

WILLIE, CHIEF JUSTICE.— The petition for injunction sets forth facts which, if true, show that the property levied on was exempt from execution by the laws of our state. R. S., art. 2335.

It asked that the writ of injunction be issued by the district court to prevent a sale of the property so illegally seized under execution. The judge granted a temporary writ, but upon demurrer dismissed the cause, because, as the judge held, the court had not jurisdiction to finally hear and determine it.

If the court in so holding meant to decide that it could not take jurisdiction of the suit because the amount in controversy was too small to give jurisdiction to the district court, then its decision is directly contrary to the ruling of this court in The County of Anderson *v.* Kennedy, 58 Tex., 616, and other cases which have followed that decision. It was there held that district courts have the power to issue writs of injunction in cases in which a court of chancery, under the settled rules of equity, would have power to issue them; and this without reference to the amount in controversy, under the express power given in the constitution.

This being a proper case for the interposition of a court of equity to prevent a sale of property under execution, which the law had

especially exempted from forced sale, there was no doubt under the decision cited but that the district court had power to issue the injunction regardless of the amount involved.    See Alexander *v.* Holt, 59 Tex., 205.

The district court having acquired jurisdiction by reason of the injunction prayed for and issued, should have retained control of the case until the relief to which the plaintiff showed himself entitled had been fully granted.

The writ of injunction would be of no service to a party seeking its benefits, if it can be granted temporarily in a case like the present, but must be dismissed for want of jurisdiction so soon as that point is made by the adverse party.

The right to issue a temporary injunction carries with it the right to have it perpetuated, so far as the question of jurisdiction is concerned.

Where the district court has obtained jurisdiction of a cause by reason of an injunction, it is authorized to retain cognizance of it for all the purposes of the suit.    The full merits of the controversy, as presented by either party, will be adjudicated.

This has been so frequently decided by this court that the point need not be considered further than to cite some of the authorities in which it is determined:    Chambers & Thigpen *v.* Cannon, 4 Tex. L. R., 299; Willis *v.* Gordon, 22 Tex., 243; Bourke *v.* Vanderlip, id., 221; Witt *v.* Kaufman, 25 Tex. Sup., 384.

In this case all the relief asked upon final hearing was in effect a perpetuation of the injunction.    This relief no other tribunal except the district court had the power to grant, and with this power that court, as we have seen, was fully vested by the constitution.

In Chambers & Thigpen *v.* Cannon, *supra,* we held in a case almost exactly like the present that the district court had the right not only to perpetuate the injunction already granted, but to decree damages for the detention of the property taken under execution.

That case went further than it is necessary for us to go in the present, but the principles upon which it was rested are perfectly decisive as against the ruling of the court below in dismissing this suit.

The judgment of the district court will be reversed and the cause remanded, with directions to that court to proceed with this cause as of one over which it has full jurisdiction under the allegations of the petition.

Reversed and remanded.

[Opinion delivered May 22, 1885.]