MAX FUERMAN v. G. RUCHLE ET AL.

(No. 6368.)

APPEAL from Guadalupe County.    Opinion by WILLSON, J.

IRELAND & NEAL, counsel for appellant.

BURGESS & DIBRELL, counsel for appellees.

§ **81.** *Final judgment; judgment of a justice dismissing suit for failure to give security for costs is a; appeal bond; surety on, need not be resident of county where suit is pending; solvency of sureties need not be shown, when; identity of surety as a party must be shown, when.* Appellant instituted suit in justice's court against appellees. Upon motion of appellees appellant was required to give security for the costs. In response to the requirement he deposited with the justice of the peace $25 in money. Upon motion of appellees the security was rejected, and appellant's suit was dismissed, the judgment of the court being that appellant take nothing by his suit and pay all

costs; that appellees have judgment against appellant for costs, etc. Appellant appealed from said judgment to the county court, and in that court his appeal was dismissed upon motion of appellees, the grounds of said motion being: (1) Because the judgment sought to be appealed from was not a final judgment; (2) because one of the sureties on the appeal bond is one of the persons in whose favor said judgment was rendered; and (3) because one of the sureties on said appeal bond did not reside in Guadalupe county. We are of opinion that the court erred in dismissing the appeal. It is well settled that a judgment of dismissal, such as the one rendered by the justice's court in this case, is a final judgment. It does not appear from the record that Shanglase, one of the sureties on the appeal bond, is the same person of that name who is a party in the judgment as alleged in the motion. There is no law which requires that a surety on an appeal bond shall be a resident of the county in which the judgment appealed from was rendered, or which requires that the solvency of such a surety should be shown by certificate or other evidence. The justice of the peace approved the bond, and it must be presumed that he was satisfied that the sureties were solvent.

April 19, 1890.                    Reversed and remanded.