S. F. HIGHTOWER v. J. W. BENNIGHT.

Decided January 2, 1909.

**Final Judgment—Appeal—Oral Testimony.**

A judgment in a Justice Court recited that "the writ of attachment should be quashed, and that the cause should be dismissed from the docket, therefore it is ordered, adjudged and decreed by the court that said bond is insufficient, that the writ of attachment may be quashed and that said cause be dismissed from the docket, and that plaintiff pay all costs of this suit, for which let execution issue." Held, when tested by its own recitals, said judgment finally disposed of the controversy by dismissing the cause from the docket and would therefore support an appeal to the County Court. The oral testimony of the justice of the peace was not admissible to prove that he intended by said judgment only to quash the attachment.

Appeal from the County Court of Scurry County. Tried below before Hon. C. R. Buchanan.

*W. W. Hamilton* and *Robt. H. Curnutte*, for appellant.

*Smith & Hutcheson,* for appellee.

SPEER, ASSOCIATE JUSTICE.—This suit originated in the Justice's. Court of precinct No. 1, Scurry County, Texas, wherein the following judgment was entered: "On this, the 23d day of December, A. D. 1907, came on to be heard the above styled and numbered cause, and both parties appearing in person and by their attorneys, and the defendant, J. W. Bennight, by his attorneys, Smith & Hutcheson, orally suggested to the court that the bond in attachment was insufficient, in that the sureties thereon were insolvent, and asked that the plaintiff herein be required to make a new bond; whereupon, without the introduction of any evidence to sustain said suggestion, the court held that said bond was insufficient, that the writ of attachment should be quashed, and that the said cause should be dismissed from the docket.

"Therefore it is ordered, adjudged and decreed by the court that said bond is insufficient, that the writ of attachment be quashed, and that said cause be dismissed from the docket and that plaintiff pay all costs of this suit, for which let execution issue.

"Wherefore the plaintiff, S. F. Hightower, in open court gave notice of appeal to the County Court of Scurry County, Texas, at the January term, A. D. 1908."

On appeal to the County Court that court dismissed the appeal upon the ground that there was no final judgment entered in the Justice's Court, from which order the plaintiff has appealed.

*Conclusions.*—We are not at liberty to discuss the questions involved in the ruling of the justice of the peace in abating the attachment proceedings for the insolvency of the sureties on the attachment bond, nor indeed his action in any respect further than to determine whether or not the judgment actually entered by him and above copied constitutes a final judgment such as would support appellant's appeal to the County Court. We are of opinion the judgment must be interpreted as it is written, and not in the light of the justice's oral testimony to the effect that he merely meant to quash the attachment proceedings and not to dismiss appellant's suit, as the county judge seems to have determined the matter below. When tested by its own recitals it is quite too clear for argument that the judgment finally disposes of the controversy by dismissing the cause from the docket, and that therefore appellant's remedy was by appeal to the County Court. (Parker v. Spencer, 61 Texas, 155; Steele v. Goodrich, 87 Texas, 401; Fuerman v. Ruhle, 16 S. W., 536.)

It follows that the County Court erred in dismissing the appeal and his judgment is therefore reversed and the cause remanded for trial on the merits.

*Reversed and remanded.*