TEXAS BANK & TRUST CO. v. KELLY et al. (No. 821.)

(Court of Civil Appeals of Texas. El Paso. March 14, 1918. Rehearing Denied April 4, 1918.)

TENDER ⊛═16(1)—NECESSITY.

Where at or about maturity of a note to a bank by husband and wife the wife notified the bank of her desire to pay it, and the bank asserted its intention not to surrender collateral owned by her as her separate property and pledged to secure such note, unless a separate debt of her husband to the bank were also paid, formal tender by the wife of the amount due on her note was not necessary to render the bank liable for conversion upon its sale of the collateral; the asserted intention of the bank being equivalent to a refusal to accept if tendered.

Appeal from El Paso County Court; E. B. McClintock, Judge.

Action by Mattie M. Kelly and another against the Texas Bank & Trust Company. From judgment for plaintiffs, defendant appeals. Affirmed.

Jones, Jones, Hardie & Grambling, of El Paso, for appellant. U. S. Goen, of El Paso, for appellees.

HIGGINS, J. Mrs. Kelly for the benefit of her separate estate borrowed $550 from the Texas Bank & Trust Company, appellant. To cover the loan she and her husband executed a note, and to secure its payment she pledged and deposited with the bank certain collateral owned by her as her separate property. The note given contained a clause providing that in the event of its nonpayment at maturity the bank was authorized to sell the collateral and apply the proceeds to the payment of the note. It was further provided that the surplus, if any, after the payment of the note, and any and all other indebtedness due by the undersigned to the bank, was to be paid to the makers. At the time of the execution of this note the husband was indebted to the bank upon an obligation theretofore given. At or about the maturity of her note Mrs. Kelly notified the bank of her desire and willingness to pay same. The bank then notified her that it would not surrender the collateral unless the amount due upon Mr. Kelly's obligation was also paid, and in effect announced its intention of holding the collateral to secure the payment of Mr. Kelly's obligation. No formal tender was made by Mrs. Kelly of the amount due upon her note. Thereafter the bank sold the collateral and applied the proceeds to the payment of Mrs. and Mr. Kelly's note, and of the other obligation of Mr. Kelly.

Mrs. Kelly, joined by her husband, brought this suit setting up the facts, and sought judgment for the value of the collateral, less the amount due upon the note which she had given. From an adverse judgment the bank appeals.

Opinion.

Upon the facts stated it appears that the bank asserted its intention of holding the collateral as security for the payment of a debt, for which, under the contract of pledge, it could not be held. The note signed by Mr. and Mrs. Kelly shows that the collateral was pledged for the purpose of securing the payment of that note and no other.

Under these circumstances it was not necessary for Mrs. Kelly to tender the amount due upon her note. The asserted intention of the bank was equivalent to a refusal to accept if tendered, and the pledgee will not be permitted to say that the pledgor should be deprived of any of her rights for taking it at its word. Upon this view of the case, the bank had no right to sell the collateral, and became liable to Mrs. Kelly for conversion thereof. 38 Cyc. 134; King v. Bank, 159 S. W. 433, at 438; Bluntzer v. De Wees, 79 Tex. 272, 15 S. W. 29; Hamilton v. McLaughlin, 145 Mass. 20, 12 N. E. 424; Irr. Co. v. Richards, 22 Colo. 450, 45 Pac. 423; Gorham v. Farson, 119 Ill. 425, 10 N. E. 1.

Both the pleadings and evidence sufficiently support the judgment.

Affirmed.

═══════

BURTON et al. v. SELLS. (No. 309.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 1, 1918.)

APPEAL AND ERROR ⊛═1236 — BOND — JUDGMENT AGAINST SURETIES IN APPELLATE COURT.

Where, on motion in Court of Civil Appeals to affirm on certificate, the appeal bond executed with sureties accompanies the certificate, the cause, being affirmed as to the parties, will be also affirmed against the sureties.

Appeal from District Court, Orange County; W. R. Blackshear, Judge.

Action between O. W. Burton and others and G. M. Sells. Judgment for the latter, and the former appealed. Motion by G. M. Sells to affirm on certificate. Affirmed.

O. R. Sholars, of Orange, for appellants. J. B. Bisland, of Orange, for appellee.

KING, J. This case is before us on motion of appellee to affirm on certificate. We have examined the record, as certified by the clerk of the district court of Orange county, and find that appellee's motion should be granted; and as a copy of the appeal bond executed by O. W. Burton, Sr., and Mary Burton, as principals, and C. Burton and Joe Cooper, as sureties, accompanies such certificate, the cause is in all things affirmed as to the parties, and in like manner affirmed against the sureties, C. Burton and Joe Cooper, on said bond.

─────────────────────

⊛═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes