**AUSTIN, Com'r of Banking, et al. v. CONAWAY. (No. 116.)** *

(Court of Civil Appeals of Texas. Eastland. Feb. 26, 1926. Rehearing Denied April 9, 1926.)

**1. Venue ⬤⇒17—In suit against bank, banking commissioner in charge thereof, and surety for bank, plea of privilege on ground that suit was for mandamus to head of state department is available only to banking commissioner.**

In suit on judgment against insolvent bank, banking commissioner in charge thereof, and surety for the bank, plea of privilege on ground that suit was in effect for mandamus to the head of the state department is available only to the banking commissioner.

**2. Corporations ⬤⇒503(1).**

Surety company is suable in a county where it has an agent.

**3. Judgment ⬤⇒871—Suit may be brought on dormant judgment as for debt represented by it with judgment for amount due.**

Suit may be brought on a dormant judgment as for the debt represented by it with judgment for the amount due and execution therefor.

**4. Judgment ⬤⇒900.**

Suit may be maintained on a judgment not dormant, where a second judgment may be more available than the first.

**5. Appeal and error ⬤⇒1206—District court has jurisdiction over suit on dormant judgment of Court of Civil Appeals of uncertain meaning asking relief for the debt.**

District court has jurisdiction over suit on dormant judgment of Court of Civil Appeals of

---

*Writ of error granted May 26, 1926.

uncertain meaning and on the judgment and supersedeas, asking relief for the debt.

**6. Appeal and error ⚷⟞⟞1206.**

Judgment of Court of Civil Appeals reviewing judgment of trial court must, under the statute, be enforced by the trial court.

**7. Appeal and error ⚷⟞⟞1206—District court has jurisdiction to construe dormant judgment of uncertain meaning of Court of Civil Appeals on which suit is based.**

District court has jurisdiction to construe a dormant judgment of the Court of Civil Appeals, whose meaning is uncertain and on which suit is based, as jurisdiction to determine a suit on a judgment involves power to construe the judgment.

**8. Judgment ⚷⟞⟞524—Judgment may not be explained by understanding of parties though entered by stipulation nor by prior or subsequent statements of the court, but opinion of court in case of uncertainty may be referred to, and it is proper to consider what judgment should have been.**

Judgments may not be explained by reference to the understanding of the parties, even though entered pursuant to stipulation, nor to the prior or subsequent statements of the court, but the opinion of the court, though not part of the judgment, may be referred to in case of uncertainty, particularly where the law requires the judge to state his reasons for the judgment, or the judgment itself refers to the opinion so as to make it part of the record; and it is always proper to consider what the judgment should have been.

**9. Judgment ⚷⟞⟞524—Interpretation of judgment which makes it correct will be adopted in preference to one which makes it erroneous.**

An interpretation making a judgment correct and valid will be adopted in preference to one making it erroneous, as it is presumed the court intended to adjudge correctly.

**10. Judgment ⚷⟞⟞524.**

Judgment should be given effect in its entirety and sustained as a whole where this can be done.

**11. Banks and banking ⚷⟞⟞63½.**

Decree may be had against insolvent bank in hands of banking commissioner for full amount of demand.

**12. Appeal and error ⚷⟞⟞1236.**

Where judgment is affirmed by Court of Civil Appeals, court has duty to render judgment against sureties on appeal bond under Vernon's Sayles' Ann. Civ. St. 1914, art. 1627 (Vernon's Ann. Civ. St. Supp. 1922, art. 4935).

**13. Appeal and error ⚷⟞⟞1234(1).**

Liability of surety on supersedeas bond is coextensive with that of principal.

**14. Judgment ⚷⟞⟞524.**

Construction of decree of an appellate court which would attribute to it an erroneous ruling will not be adopted if any other construction is available.

**15. Judgment ⚷⟞⟞524 — Construction of judgment which would make it erroneous will not be inferred because of refusal to permit motion to make judgment more explicit.**

A construction of a judgment which would make it erroneous will not be inferred because the court rendering it refused to permit a motion to make the judgment more explicit, as the judgment must be construed as written.

**16. Principal and surety ⚷⟞⟞163—Judgment rendered expressly against insolvent bank and that banking commissioner pay it in course of liquidation, and also that plaintiff recover of bank by and through commissioner and its surety, held decree against surety company for amount adjudged against bank.**

Judgment rendered expressly against insolvent bank in the hands of commissioner of banking and insurance, and that the commissioner pay the same in the process of liquidation, and also against the bank by and through the commissioner and its surety, held decree against surety company for the amount adjudged against bank; words "by and through" not limiting liability of surety to amount available from commissioner.

On Motion for Rehearing.

**17. Judgment ⚷⟞⟞223—Judgment held not erroneous as allowing interest as against assets of bank after date of insolvency where it did not specifically allow such interest.**

Judgment that banking commissioner in charge of insolvent bank pay judgment against bank held not erroneous as allowing interest after date of insolvency, where it did not specifically allow such interest.

**18. Interest ⚷⟞⟞50—Tender by banking commissioner of dividend on judgment against bank stopped running of interest on that sum.**

Where tender by banking commissioner as credit on judgment against insolvent bank was refused because bank's surety claimed this would satisfy judgment against it as surety, tender stopped running of interest from the date of tender on that amount.

**19. Venue ⚷⟞⟞11—Venue of suit on judgment against insolvent bank and banking commissioner in charge thereof and surety held properly laid in county other than that of seat of government.**

Venue of suit on judgment against insolvent bank, in hands of banking commissioner, and surety held properly laid in county other than that of the seat of government, against the contention that it was in effect for mandamus to the head of a state department.

**20. Appeal and error ⚷⟞⟞721(3) — Where one joint appellant assigned error to allowing interest after date of tender, but the second did not, as to the second, judgment will be affirmed.**

Where one joint appellant assigned error to allowing interest after date of tender, but the second did not, as to the second, judgment will be affirmed.

**21. Costs ⚷⟞⟞239.**

Parties prosecuting joint appeal are presumed to share equally in the expenses thereof.

⚷⟞⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Comanche County; Joe H. Eidson, Judge.

Suit by W. B. Conaway, guardian, against Charles O. Austin, Commissioner of Banking and Insurance, the American Surety Company, and the Farmers' & Merchants' State Bank of Gustine, Tex. Judgment for plaintiff, and defendants Charles O. Austin, Commissioner of Banking and Insurance, and the American Surety Company appeal. Reformed, and, as reformed, affirmed.

See, also, 252 S. W. 1105.

John W. Goodwin and Geo. E. Shelley, both of Austin, for appellants.

E. P. Woodruff, of Brownwood, and Geo. E. Smith, of Comanche, for appellee.

PANNILL, C. J. Appellee in his fiduciary capacity, on May 24, 1922, was awarded a judgment against the Farmers' & Merchants' State Bank of Gustine, for $23,118.40 with decree against the banking commissioner for payment of such judgment out of the guaranty fund. The said bank prosecuted an appeal from the judgment against it, and a supersedeas bond in statutory form was made with the American Surety Company as surety.

By virtue of the appeal, the judgment was removed to the Court of Civil Appeals at El Paso, where the judgment of the trial court was reformed and affirmed. The banking commissioner joined in the appeal, but did not purport to join in the bond as a principal obligor, but signed for the bank only.

The parts of the judgment of the Court of Civil Appeals bearing directly on the questions material here are:

" * * * And under the facts it appearing to the court that W. B. Conaway, guardian, should recover of the Farmers' & Merchants' State Bank of Gustine, Tex., his damages by reason of the conversion of bonds in the sum of $23,118.40, and it further appearing to the court that the said claim of Conaway as guardian should be classified as an unsecured claim and paid as such by the commissioner of banking and insurance of the state of Texas, in the process of liquidation of the assets and liabilities of the Farmers' & Merchants' State Bank of Gustine as prescribed by law:

"It is therefore considered, ordered, adjudged, and decreed by the court that the plaintiff, W. B. Conaway, guardian of the estate of John Glenn Edmonson and Leona Edmonson, and for their use and benefit, do have and recover of and from the defendant the Farmers' & Merchants' State Bank of Gustine, Tex., the said sum of $23,118.40, with interest thereon from this date at the rate of 6 per cent., per annum until paid.

"It is further considered, adjudged, and decreed that the said Ed Hall, commissioner of banking and insurance, classify the said claim of the guardian as unsecured, and he is directed and ordered to pay the same in the process of the liquidation of the affairs of the said Farmers' & Merchants' State Bank of Gustine, Tex., as provided by law.

"It is further considered, ordered, adjudged, and decreed by the court that the plaintiff, W. B. Conaway, guardian, take nothing by his suit against the said Ed Hall, commissioner of banking and insurance of the state of Texas, wherein the said plaintiff seeks to establish his claim as a deposit secured by and entitled to payment out of the depositors' guaranty fund of the state of Texas, and that as to the same the said Ed Hall, commissioner of banking and insurance, may go hence without day."

"And because it is the opinion of this court that there was no other error in the judgment, it is therefore considered, adjudged, and ordered that the judgment of the court below, as hereinbefore reformed, be in all other respects affirmed; that the appellee W. B. Conaway, guardian of the estate of John Edmonson and Leona Edmonson, do have and recover of and from the appellant, Farmers' & Merchants' State Bank of Gustine, Tex., by and through Ed. Hall, commissioner of banking and insurance, and its surety, American Surety Company of New York, the amount adjudged by the court below. * * * * "

The opinion stating the reasons requiring the above judgment is reported under the style of Hall v. Conaway, 252 S. W. 1105. After time for filing motion for rehearing had elapsed, appellee filed in said Court of Civil Appeals a motion for leave to file in said court a motion for rehearing praying that the judgment as to the liability of the surety company be made more explicit. This motion was denied.

The judgment as quoted became final, and, mandate not having issued and filed in the district court in time, became dormant.

This suit was instituted by appellee against the present banking commissioner, American Surety Company and said bank. The petition is in two counts. In both, the proceedings set out above in substance were pleaded in detail and relief for the debt evidenced by the judgment was sought. In the first count it was alleged that no dividends to plaintiff as an unsecured creditor had been declared or paid by the commissioner, and no authority had been sought by him from the district court of Comanche county to pay any, and prayed that such dividends be ascertained and decree in plaintiff's favor therefor, with judgment and execution against the surety company for the balance of the judgment. In the second count, both the defunct bank and the surety company were sued on the supersedeas bond and judgment referred to as for debt. It was further alleged that the surety company was denying liability for the amount of the judgment against the bank, except for such dividends as might be due from the assets of the bank, and was being supported in this contention by the Attorney General, and thus rendering it impossible for appellee to collect the judgment from the surety company, as provided for by statute (article 4935, Vernon's Ann. Civ. St. Supp. 1922), and that plaintiff was being impeded in the collection of his judgment by the defendants.

The trial was before the court and judgment was in favor of appellee for the amount of the former judgment, with interest against the bank and surety company, and against appellant Austin in his representative capacity, to the extent of the assets of said bank available for payment of appellee's demand; the judgment against the surety company to be credited with amounts paid by the commissioner and for subrogation in favor of the surety.

This rather prolix statement is required by the assignments challenging the sufficiency of the petition. No brief has been filed for the banking commissioner. The allegations of the petition are established by the evidence without contradiction.

[1] Both appellants Austin and the surety company presented pleas of privilege based on the proposition that the suit was in effect one for writ of mandamus to the head of a state department, and therefore venue was laid in Travis county. The failure of the banking commissioner to file briefs takes this question out of the case, as this plea was available to him.only.

[2] The surety company had an agent in Comanche county, and was therefore suable there. The venue appears to have been properly laid. Kidder v. Hall, 251 S. W. 497, 113 Tex. 49; State Banking Board v. Pilcher (Tex. Civ. App.) 256 S. W. 996.

The remaining assignments are: (1) That the district court was without jurisdiction, either to entertain a second suit on the same cause of action, or to construe the judgment referred to, that power being lodged only in the court entering the decree. (2) That, if the suit can be maintained, the judgment as to the surety company is erroneous in that the judgment of the Court of Civil Appeals above quoted limits the amount to be recovered of the surety company to the amount of dividends available from assets of the bank in the hands of the commissioner, and not for the full amount of appellee's debt against the bank, and that this construction had been made of its judgment by the Court of Civil Appeals in refusing the motion by appellee to have that court more clearly state the effect of its decree.

[3-5] It is well established that suit may be brought on a dormant judgment as for the debt represented by it, with judgment for the amount due and execution therefor. Bridge v. Samuelson, 11 S. W. 540, 73 Tex. 522; Bullock v. Ballew, 9 Tex. 500; Seymour v. Hill, 3 S. W. 314, 67 Tex. 385; Stein v. Frieberg, Klein & Co., 64 Tex. 273; Hale v. McComas, 59 Tex. 484; Witt v. Kaufman, 25 Tex. Supp. 384.

It is the further rule that, even though a judgment is not dormant, suit may be maintained thereon where it is made to appear that a second judgment may be in any respect more available than the first. Stevens v. Stone, 60 S. W. 959, 94 Tex. 415, 86 Am. St. Rep. 861; Coleman v. Zapp, 151 S. W. 1043, 105 Tex. 491. This case appears to be well within the rule announced in the above cases.

[6, 7] But it is insisted that the district court could not construe the judgment of the appellate court. No authority has been cited sustaining this proposition, nor is it considered applicable here. The judgment under the statute must be enforced by the trial court. Burck v. Burroughs, 64 Tex. 445.

Appellants contend application should have been made for an order for an execution. Such a course would necessarily involve the construction of the judgment to the same extent as this action. The authorities cited above impliedly deny the proposition asserted. Jurisdiction to determine a suit on a judgment involves always the power to construe the judgment which is made the basis of the suit.

[8-16] The assertion that the appellate judgment referred to limited the recovery against the surety company to the liability of the commissioner for dividends available as payments on appellee's demand is based on that part of the judgment decreeing a recovery to appellee against Farmers' & Merchants' State Bank, "by and through Ed Hall." The usual canons of construction are applied in construing judgments. The rule is stated in Freeman on Judgments (5th Ed.) p. 132:

"While it can be neither sustained nor explained by reference to the understanding of the parties, even though entered pursuant to stipulation, or the prior or subsequent statements of the court as to its intention when the judgment was rendered, nevertheless the effort should be to give effect to it in its entirety and to sustain the judgment as a whole where this can be done. While the opinion of the court is not part of the judgment it may, in case of uncertainty or ambiguity, be referred to for the purpose of construing the judgment, particularly where the law requires the judge to state his reasons for the judgment, as in the case of an opinion by an appellate court, or where the judgment itself refers to the opinion in such a way as to make it part of the record. It is always proper to consider what the judgment should have been since it will be presumed that the court intended to adjudge correctly in law upon the facts of the case, and of two possible interpretations of the language of the judgment, that one will be adopted which makes it correct and valid, in preference to one which would make it erroneous."

In the light of the rule as stated, no such construction can be given the judgment considered as contended for. The opinion stated that the judgment of the trial court against the bank should be affirmed. The judgment did likewise. The fact that the corporation was insolvent and in the hands of a statutory receiver in no wise prevented appellee from obtaining a decree against it for the full amount of his demand. Nor do the words "by and through Ed Hall" limit the amount of the

liability of the corporation. Upon affirmance of the judgment against the bank, it became the plain duty of the court to render judgment against the sureties on the appeal bond. Vernon's Sayles', art. 1627; Burton v. Sells (Tex. Civ. App.) 202 S. W. 357; Hickcock v. Bell, 46 Tex. 610. The liability of the surety company is coextensive with that of the principal. To say that the appellate court did not declare that liability would attribute to it an erroneous ruling, which cannot be done, if any other construction of its decree is available. Watson v. Lawson, 135 P. 961, 166 Cal. 235. Nor can such effect be given to its refusal to permit appellee to file the motion as shown above. The judgment must be construed as written. Hightower v. Bennight, 115 S. W. 875, 53 Tex. Civ. App. 120. As written, as a whole, it plainly appears the judgment against the bank was affirmed and decree entered against the surety company for the amount adjudged below against the bank. It follows that the assignments should be overruled and the judgment of the trial court affirmed; and it is so ordered.

### On Motion for Rehearing.

[17] The statement in the opinion that appellant Austin had not briefed the appeal was made in error. Such briefs were overlooked, although what was considered to be a diligent search was made of the files. Appellant Austin's briefs have since been carefuly considered. The same propositions are advanced by Austin as were made by the surety company, with the exception of two. These are that the judgment was erroneous, in that it allowed appellee interest on his claim from the date of the original judgment, and that interest to be paid out of assets in the commissioner's hands is not allowable after date of insolvency, and that the dividend of $1,155 tendered by the commissioner should be credited on the amount adjudged appellee as of the date of the tender, and not when paid into the registry of the court as provided in the judgment. The first contention should be overruled, because the judgment does not specifically allow interest after the date of the first judgment as against the assets in the hands of appellant Austin.

The judgment provides that the dividend declared in favor of the minors of $1,155 shall be paid into the registry of the court. This is the dividend declared by appellant Austin, and there is nothing in the record to show that such dividend includes interest not allowable. The further provision of the judgment as affecting said appellant requires payment in such registry of dividends available in the further liquidation of the insolvent bank. This does not undertake to direct the amount or character of such dividends, but leaves the amount to appellant's discretion.

[18] The further contention that the court erred in allowing the $1,155 tendered as a credit as of the time when paid into the registry of the court instead of when tendered is correct and must be sustained. Obviously the tender was refused because of the surety company's claim that it would satisfy the judgment. Such would not have been the effect of acceptance of such dividend by appellee. The tender should have the effect of stopping interest on the amount tendered from that date.

[19] We adhere to the conclusion announced in the original opinion that Burck v. Burroughs, 64 Tex. 443, does not support the contention that the trial court was without jurisdiction to entertain appellee's petition, and see no reason to argue the question further. The venue was properly laid under State Banking Board v. Pilcher (Tex. Civ. App.) 256 S. W. 996.

[20, 21] Appellants prosecuted a joint appeal. Appellant surety company does not assign error to the action of the court herein declared to be erroneous in allowing credit for the dividends and the judgment should be affirmed as to it. It will be presumed that the parties prosecuting a joint appeal share equally in expense thereof.

Therefore the judgment of the trial court will be reformed so as to allow credit for the $1,155 dividend as of September 2, 1923, and as so reformed the judgment will be affirmed, with one-half the cost of appeal taxed against appellees. In all other respects, the motion of both appellants for rehearing will be overruled.