## CASRAY OIL CORPORATION v. ROYAL INDEMNITY CO.

### No. 11414.

Court of Civil Appeals of Texas. Galveston.

June 25, 1942.

Rehearing Denied July 16, 1942.

246

Sears, Blades, Moore & Kennerly and Fred W. Moore, all of Houston, for appellant.

Vinson, Elkins, Weems & Francis, Fred R. Switzer, and Thomas Fletcher, all of Houston, for Fred R. Switzer, trustee.

Wood, Gresham, McCorquodale & Martin and Newton Gresham, all of Houston, for Royal Indemnity Co., garnishee.

CODY, Justice.

This appeal is primarily a contest between appellant and appellee, Fred R. Switzer, as rival claimants of the right to recover upon a supersedeas bond executed by appellee, Royal Indemnity Company, as surety, to supersede on appeal the enforcement of the judgment rendered, in the case of Frazier Jelke Company v. Chapman Minerals Corporation, on February 26, 1940. Said cited case was a garnishment suit brought by Frazier Jelke Company, and the Chapman Minerals Corporation answered the writ of garnishment to the effect that it was not indebted to O. R. Seagraves, and that he owned no stock in said company. The Frazier Jelke Company contested said answer, but the jury sustained said answer, and found that $2,500 was a reasonable attorney's fee incurred by Chapman Minerals Corporation; the Court accordingly rendered judgment that plaintiffs take nothing as against said garnishee, and that said garnishee, Chapman Minerals Corporation recover the sum of $2,500 as reasonable attorneys' fees and that said garnishee recover from plaintiffs, jointly and severally, "all costs of this proceeding, which shall be taxed against plaintiffs, jointly and severally, and paid by such plaintiffs, and it is further ordered and decreed that an execution or executions issue against the plaintiffs, jointly and severally, to enforce this judgment for attorneys' fees and all costs of this proceeding, to all of which plaintiffs then and there in open court excepted."

The basis of the claim of appellee Fred R. Switzer, Trustee, is as follows: He was a member of the firm who represented said Chapman Minerals Corporation in said suit, and on February 29, 1940 (Three days after judgment was rendered), took an assignment from it of "all that portion of said judgment awarding to the garnishee the said sum of $2,500 attorneys' fees, with full authority to demand and receive same to his use as trustee, and upon payment thereof, or any part thereof, to give discharge for the same, and the said Chapman Minerals Corporation hereby authorizes the said Fred R. Switzer, as trustee, in its name, but at his own cost and charge, to sue out execution and all other legal process, that may be necessary for the enforcement of said judgment for the said $2500.00. It is understood and agreed, however, that should said judgment be set aside, either upon a motion for new trial, or upon appeal, that the assignment herein shall be null and of no force or effect." Said assignment was filed in the papers of the case, and due and proper marginal notation of said assignment was made upon the minutes of the Court where said judgment was recorded.

Thereafter Frazier Jelke Company duly perfected their appeal to this Court, and superseded execution upon the judgment of the trial court by filing the aforesaid supersedeas bond on May 15, 1940. The condition of the bond was that appellants "shall prosecute their appeal with effect and in case the judgment of the Supreme Court or the Court of Civil Appeals shall be against appellants, they shall perform its judgment sentence or decree and pay all such damages as said court may award against them."

Thereafter, on March 27, 1941, the judgment of the trial court was by this Court in all things duly affirmed, Frazier Jelke & Co. v. Chapman Minerals Corporation, 149 S.W.2d 1101, and judgment was by this Court duly rendered against appellants, jointly and severally, "and their surety, Royal Indemnity Company, the sum adjudged below and all costs in this case incurred. It is further ordered that this decision be certified below for observance."

Thereafter appellant sued out a writ of error to the Supreme Court which was dismissed June 11, 1941. Thereafter exe-

cution was issued by the Clerk of this Court on September 25, 1941, for Court costs in the sum of $39, which accrued in this Court and the Supreme Court. Such costs were collected by him from Fred R. Switzer on November 29, 1941 and mandate was thereupon issued.

Appellant's claim of the right to the proceeds of the aforesaid supersedeas bond is based upon a writ of garnishment which it applied to have served, and caused to be served on appellee Royal Indemnity Company, as garnishee, on July 15, 1941. In said application for writ of garnishment appellant alleged that it, in a suit pending on the dockets of the district court of Harris County, numbered D–270,147, style Casray Oil Corporation v. Chapman Minerals Corporation et al., sues for a debt of $5,000, plus interest, and in connection with said application filed bond in more than double the alleged debt. Appellee Royal Indemnity Co., Garnishee, filed its original answer wherein it denied that it was indebted to Chapman Minerals Corporation and O. R. Seagraves, etc., etc. In connection with said answer, and in a part thereof, said appellee alleged that on or about February 26, 1940, said Chapman Minerals Corporation obtained a judgment against Frazier Jelke Company for the sum of $2,500, and that in said case the Frazier Jelke Company took an appeal, and a supersedeas bond was executed and filed by such appellants on May 21, 1940, said appellants being principals on said bond and the garnishee (Royal Indemnity Company) being surety thereon. Said appellee alleged its information and belief that the judgment had become final against Frazier Jelke Company and that said Frazier Jelke Company was primarily liable on said bond, but that said appellee (Royal Indemnity Company) was secondarily liable thereon, and that it would have to pay said judgment if Frazier Jelke Company did not. It went on to allege its notice of the assignment of said judgment to Fred R. Switzer, Trustee, under date of February 29, 1940, and also alleged it had been notified by Fred R. Switzer, Trustee, that he claims to be the owner of said judgment. Said Royal Indemnity Company alleged that it did not know who owned said judgment except as disclosed by the court records as between appellant (Casray Oil Corporation) and Fred R. Switzer, Trustee, and Chapman Minerals Corporation. It requested that Fred R. Switzer and Chapman Min-

erals Corporation be made parties so that their claims of right to be paid from the proceeds of the bond be adjudicated to the end that Royal Indemnity Company be not subjected to double liability. It also pled for reasonable attorneys' fees in the sum of $500.

Thereafter, on August 16, 1941, and before appellant answered in said garnishment suit, the Royal Indemnity Company amended its said answer, wherein its allegations were to the same effect, except that it admitted its absolute liability on its supersedeas bond, and asked that the Court determine to whom it should make payment.

On August 19, 1941, appellant filed its controverting affidavit to the Royal Indemnity Company's answer. On August 27, Fred R. Switzer, Trustee, filed his original answer, alleging facts the most of which the substance thereof has heretofore been stated and he particularly pled the assignment to him of the judgment in the Frazier Jelke Company suit, on February 29, 1940, and joined to his answer a cross-action to recover upon said assignment. The answer of Chapman Minerals Corporation (signed by Fred R. Switzer, its attorney) comported with Switzer's answer. And on October 27, 1941, appellant answered Switzer's cross-action, among other things alleging that the assignment to Switzer, Trustee, did not purport to transfer the entire judgment, but only purported to transfer so much thereof as awarded $2,500, attorneys' fees, and that therefore the balance of the judgment was still due and owing Chapman Minerals Corporation; further, that the said assignment did not make any reference to the Royal Indemnity Company, and did not transfer any interest in the judgment obtained by Chapman Minerals Corporation in the Court of Civil Appeals upon the supersedeas bond.

By judgment entered on January 3, 1942, the court rendered judgment that appellant, Casray Oil Corporation, recover nothing on its garnishment against appellee, Royal Indemnity Company (garnishee); that Fred R. Switzer, Trustee, recover the $2,500, together with accrued interest thereon; that the garnishee, Royal Indemnity Company, recover from appellant as attorneys' fees the sum of $250, if the case went no further, but that it recover $50 additional if the cause were carried to the Court of Civil Appeals, and an additional $50 attorneys' fees if the case were carried

to the Supreme Court. The rest of the judgment is unimportant on this appeal.

There is no dispute between the parties as to the facts in this case, the controversy being over the legal effect thereof. The contention advanced by appellant in its answer to Fred R. Switzer's cross-action in the trial court is, in the main, its principal contention on appeal, namely, that the assignment to Switzer, made on February 29, 1940, was not entitled to prevail over appellant's writ of garnishment made on July 15, 1941, because, firstly, said assignment was but an assignment of a portion of the judgment rendered in the trial court in favor of the Chapman Minerals Corporation, and not of a portion of said Company's cause of action, and that it consequently did not carry with it a transfer of any rights under the supersedeas bond which was thereafter executed, and so, did not carry with it a transfer of any rights under the judgment rendered thereon in the Court of Civil Appeals; secondly, that in any case said assignment was by its terms limited to transferring to Switzer so much of the judgment as awarded attorneys' fees in the sum of $2,500, and it did not purport to transfer any right to recover any court costs, whereas the judgment in the Court of Civil Appeals awarded recovery upon said supersedeas bond, in addition to said sum of $2,500, all court costs, which court costs were shown to have been $39, and that consequently, appellant was entitled to recover at least $39, and therefore, it was error for the court to adjudge attorneys' fees against it and in favor of Royal Indemnity Company. Appellant also complains of the award by the trial court of attorneys' fees to be earned in the future, in the Court of Civil Appeals and the Supreme Court. (Note: It should be added that the costs of the trial court were paid before the appeal had been perfected in the Frazier Jelke suit, and no issue is predicated thereon.)

We are unable to see any merit in appellant's contention that the assignment made by Chapman Minerals Corporation to Fred R. Switzer, Trustee, on February 29, 1940, of so much of the judgment rendered in its favor against Frazier Jelke Company, on February 26, 1940, as awarded $2,500 attorneys' fees, became ineffective when the Court of Civil Appeals affirmed the judgment on appeal, and rendered judgment therefor against Frazier Jelke Company and the Royal Indemnity Company, jointly and severally, upon the supersedeas bond. The sale of a judgment or a portion thereof is expressly authorized by R.S. art. 6636. By the terms of said assignment the Chapman Minerals Corporation transferred to Switzer all of the judgment which it obtained against Frazier Jelke Company which, in its nature, was assignable. So much of said judgment as adjudged that Chapman Minerals Corporation did not owe Seagraves any debt, and that he owned no stock in said company, was not assignable. "The assignment of a judgment necessarily carries with it the cause of action on which it is based, together with all the beneficial interest of the assignor in the judgment and all its incidents. Such an assignment entitles the assignee to use every remedy, lien, or security available to the assignor as a means of enforcing the judgment. This necessarily includes the right to bring suit on the judgment, and to sue out process of garnishment thereon." 15 R.C.L. Sec. 230 p. 777. Switzer therefore had the right within 30 days after the judgment became final to sue out an execution upon his judgment for $2,500, except for the fact that Frazier Jelke Company, and the Royal Indemnity Company superseded such right by filing the supersedeas bond on May 31, 1940. The effect of filing such supersedeas bond was indeed to deprive Switzer of the right to issue execution upon said judgment to enforce it and have same satisfied pending the appeal, but it also necessarily gave to Switzer the right to proceed against Frazier Jelke Company and the Royal Indemnity Company upon the supersedeas bond, if said appeal was not prosecuted with effect. "Such supersedeas bond is but an incident to the cause of action and to the judgment, and is given to afford the adverse party a means of enforcing the judgment if the appeal or writ of error is not prosecuted with effect." DeZavala v. Scanlan, Tex.Com.App., 65 S.W.2d 489, 492; see, also Harris County v. Campbell, 68 Tex. 22, 3 S.W. 243, 2 Am.St.Rep. 467. A supersedeas bond can deprive a party of his right to enforce his judgment pending an appeal only because it stands as security for the enforcement of his judgment if the appeal is not prosecuted with effect. In Austin v. Conaway, Tex.Civ.App., 283 S.W. 189, 193, it is stated: "Upon affirmance of the judgment

against the bank, it became the plain duty of the court to render judgment against the sureties on the appeal bond. Vernon's Sayles', Art. 1627; Burton v. Sells, Tex. Civ.App., 202 S.W. 357; Hickcock['s Sons] v. Bell, 46 Tex. 610. The liability of the surety company is coextensive with that of the principal."

▮▮▮ Now at the time Switzer's right to enforce his judgment was stayed by the filing of the supersedeas bond on May 21, 1940, he was in no way liable for costs which might accrue upon appeal. The effect, and the express terms of the bond, was to secure him in the collection of his judgment, free from the costs of appeal, if such appeal were not prosecuted with effect. Frazier Jelke Company and the Royal Indemnity Company both had at least constructive notice of the assignment. And it is too elementary to authorize citation of authority that the judgment rendered in the Court of Civil Appeals upon said bond in the name of Chapman Minerals Corporation was for the benefit of its assignee, Switzer, Trustee. Now the judgment rendered by our Court in March, 1941, against Frazier Jelke Company and the Royal Indemnity Company upon the supersedeas bond, required that the proceeds of said bond be applied to the payment of costs, as much as it required that they be applied to the payment of the $2,500 attorneys' fees. When said judgment became final by reason of the Supreme Court's dismissal of appellant's application for writ of error, the right and duty of our Clerk to collect the costs ($39) adjudged against Frazier Jelke Company and the Royal Indemnity Company upon the bond became complete. Appellant could not by writ of garnishment or otherwise, so intrude upon the judgment upon the bond as to divert the costs which the judgment required our clerk to collect, from being so collected, and acquire the right to receive such court costs to the satisfaction of a debt due it from Chapman Minerals Corporation. Frazier Jelke Company's right of appeal was conditioned upon furnishing security that the costs of the Supreme Court and this Court would be paid by the surety company if they failed to prosecute such appeal with effect. The bonding company's obligation to pay court costs is, in this instance, limited to $39. If it be required to pay them to appellant, it certainly cannot be also required to pay them to the Clerk of this Court. The obligation imposed upon said bonding company to pay court costs by the judgment rendered upon the supersedeas bond by this court could not be discharged by paying them to appellant, yet said bonding company's sole obligation, with respect to paying the costs adjudged against it upon the supersedeas bond, is to pay off and discharge said costs; again, so long as said costs remain unpaid, the bonding company's obligation to pay same continues, and only when such costs are paid is such obligation extinguished; it could not discharge its obligation to pay such costs by paying them to appellant, in extinguishment pro tanto of a debt due appellant from Chapman Minerals Corporation. We hold that appellant can not, by serving a writ of garnishment upon a surety on a supersedeas bond, change the obligation adjudged against such surety to pay costs into some other obligation foreign to and contrary to such judgment. It is true that after our Clerk got out execution (in September, 1941) to enforce payment of the costs, that Switzer paid the costs. In making such payment Switzer was not a mere volunteer. He could not get out execution upon his judgment until the mandate was sent down, and the Clerk could not send down the mandate until he collected such costs. In making such payment Switzer was therefore subrogated to the right to collect from the surety the sum of $39, and the surety's obligation to pay such costs was thereupon transferred to Switzer. However, we are not here concerned with the right of Switzer to collect said sum of $39 from the surety as he is not urging it.

▮▮▮ From what has been said it follows that, upon the undisputed facts as a matter of law, the Royal Indemnity Company was not indebted to the Chapman Minerals Corporation at the time the writ of garnishment was served on July 15, 1941, either in the sum of $2,500, or in the sum of $39, and the Court correctly rendered judgment that appellant recover nothing on its garnishment against appellee, Royal Indemnity Company, and correctly rendered judgment for Fred R. Switzer, Trustee, on his cross-action for $2,500 and interest thereon. By its answer the garnishee fully and truthfully disclosed all the facts, and such disclosure revealed as a matter of law that said garnishee was not indebted to the Chapman Minerals Corporation in any sum. The Court therefore correctly awarded said garnishee its

attorneys' fees. Appellant makes no complaint of the reasonableness of award, it merely complains that the Court was without power to allow attorneys' fees to said garnishee if it were required to appear and answer in this court on appeal, and in the Supreme Court on writ of error. Certainly the garnishee has been required to incur attorney's fees to make such appearance. We believe that the Court had the power to make such award by the statute authorizing the awarding of attorneys' fees. This Court will jealously guard the right of all litigants to appeal. The attorneys' fees awarded to the garnishee in case of appeal were moderate and reasonable and we sustain them as such. Judgment is in all things affirmed.