Scott v. Ramirez 






NO. 10-90-167-CV


IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          JOYCE SCOTT,
                                                                                            Appellant
          v.

          VIDAL RAMIREZ d/b/a VIDAL'S USED CARS,
                                                                                            Appellee

* * * * * * * * * * * * *

 From County Court at Law
Johnson County, Texas
Trial Court # C89-00011

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
          Joyce Scott bought a used automobile from Vidal's Used Cars owned by Vidal Ramirez. 
She sued Ramirez after she allegedly spent $1,000 repairing the vehicle during the nine months
following its purchase. Scott complains that the court erred when it awarded her only $350 in
actual damages and failed to award her any attorney's fees in a bench trial. The judgment will be
affirmed.
          Scott's first point is that the $350 damage award was against the great weight and
preponderance of the evidence. She contends uncontroverted evidence established her actual
damages at $7142.70. 
          An interested witness's uncontradicted testimony only raises a fact issue unless it is clear,
direct and positive, and there is nothing to discredit or impeach it. Anchor Casualty Company v.
Bowers, 393 S.W.2d 168, 169 (Tex. 1965). Furthermore, in a nonjury trial, when the evidence
consists solely of the testimony of interested parties, the court must weigh the evidence and
determine the true facts. Carroll Instrument Co. v. B.W.B. Controls, 677 S.W.2d 654, 657 (Tex.
App.--Houston [1st Dist.] 1984, no writ).
          Scott's only documentary evidence of repairs to the vehicle consisted of one bill for $125,
which she admitted Ramirez had already reimbursed. Rather than offering into evidence receipts
from the repairs allegedly made, she merely speculated that the repairs cost "over a $1,000, right
at a $1,000, something like that." Considering Scott's testimony as an interested witness and the
record as a whole, the court did not err when it weighed the evidence and awarded her only $350
in damages.
          Scott also contends the court should have awarded her twice the actual damages that did
not exceed $1,000 because her recovery was under the Deceptive Trade Practices Act (DTPA). 
See Tex. Bus. & Com. Code Ann. § 17.50(b)(1) (Vernon Supp. 1991). Scott alleged causes of
action under the DTPA, Part 455 of 16 Code of Federal Regulations, and common-law fraud. 
Although a letter from the trial judge to the attorneys appears in the transcript, we cannot consider
the purported findings in the letter. See Tejas Trail Property Owners Association v. Holt, 516
S.W.2d 441, 444 (Tex. Civ. App.--Fort Worth 1974, no writ). If the judgment--which does not
reflect the basis of recovery--is interpreted as being based on DTPA violations, then it is clearly
erroneous because the court had to award Scott an additional $700 under section 17.50(b)(1), i.e.,
twice the amount of actual damages that did not exceed $1,000. See Tex. Bus. & Com. Code
Ann. § 17.50(b)(1) (Vernon Supp. 1991). However, the judgment is proper if it is interpreted
as a recovery based on common-law fraud.
          We must presume the court intended to "adjudge correctly." See Austin v. Conaway, 283
S.W. 189, 192 (Tex. Civ. App.--Eastland 1926, no writ). Thus, because the judgment is correct
under one interpretation but erroneous under another, this court must choose that which makes it
correct. See id. The judgment will, therefore, be interpreted as based upon a recovery of actual
damages for common-law fraud, which does not entitle Scott to the additional recovery she seeks
under the DTPA. Point one is overruled.
          Scott's second point, that the court erred when it refused to award her attorney's fees under
the DTPA, is overruled because her recovery was based on common-law fraud, which does not
entitle her to recover attorney's fees. The judgment is affirmed.
 
                                                                                           BOB L. THOMAS
                                                                                           Chief Justice
Before Chief Justice Thomas, 
          Justice Cummings and 
          Justice Vance
Affirmed
Opinion delivered and filed April 25, 1991
Do not publish