Mr. Steve Hirsch Decatur County Attorney P.O. Box 296 Oberlin, Kansas 67749
Dear Mr. Hirsch:
You request our opinion regarding the authority of a county to sell personal property tax liens. Specifically your inquiry is as follows:
 "If personal property tax is not paid by a person or persons in Decatur County and the county takes appropriate steps to acquire a tax warrant and personal judgment, can the county then sell the lien resulting from this judgment to a third party? The third party would make full payment of the lien to Decatur County; the taxpayer would then make payments on the lien to the third party."
K.S.A. 1992 Supp. 79-2101 sets forth the procedure for collecting delinquent personal property taxes. "If such taxes remain unpaid for a period of 30 days after mailing [notice of such fact]", the county treasurer is to issue a warrant directed to the sheriff to levy the amount of such unpaid taxes upon any personal property of the taxpayer. If the sheriff's return of a warrant shows that the tax has not been collected, the county treasurer is to file with the clerk of the district court an abstract of the total amount of unpaid taxes, interest, penalties and costs. Pursuant to K.S.A. 1992 Supp. 79-2101:
 "The total amount shall become a judgment in the same manner and to the same extent as any other judgment under the code of civil procedure and shall become a lien on real estate from and after the time of the filing thereof. . . . Execution, garnishment or other proceedings in aid of execution may issue within the county or to any other county on the judgment in the same manner as on judgments under the code of civil procedure except that any real estate taken upon execution for the collection of such taxes shall be sold without appraisement. None of the exemptions provided for in the code of civil procedure shall apply to any such judgment but no such judgment secured for taxes on personal property shall be levied against a homestead."
This statute specifically allows the county to pursue execution on the judgment in the same manner as provided in the code of civil procedure. As you point out in your request letter, the code of civil procedure appears to contemplate assignment of a judgment and gives the successor to the interest all the rights and remedies that were available to his or her predecessor. K.S.A. 60-2405. See also Casray Oil Corporation v.Royal Indemnity Co., 165 S.W.2d 244, 248 (Tex Civ App 1942); 46 Am.Jur.2dJudgments secs. 883, 886 (1969). It has been held that a statutory provision authorizing sale of tax liens is not unconstitutional, since it merely provides a remedy through which the payment of taxes may be enforced. Gautier v. Ditmar, 97 N.E. 464, 467 (NY 1912). That court further held that statutes authorizing the sale of liens, giving the purchasers the right to foreclose the liens, are not void on the ground that they delegate to the purchasers an essential part of the power of taxation in that such a sale assumes a valid tax and lien and is no part of the process which produces them. Id.; 72 Am.Jur.2d State and LocalTaxation sec. 891 (1974). While not a specific authorization, it appears the Kansas legislature has provided for the ability of counties to sell judgment liens arising under the provisions of K.S.A. 1992 Supp. 79-2101.
Aside from the apparent statutory authority, counties also appear to have home rule authority to sell such liens. K.S.A. 1992 Supp. 19-101a
allows each board of county commissioners to "transact all county business and perform all powers of local legislation and administration it deems appropriate, subject only to the following limitations, restrictions or prohibitions:. . . ." There is no limitation, restriction or prohibition listed regarding methods for collecting taxes. The Kansas Supreme Court's recent decision in Dillon Stores v.Lovelady, 253 Kan. 274 (1993), supports this position.
In conclusion, counties may sell final judgment liens which arise under the provisions of K.S.A. 1992 Supp. 79-2101 pertaining to the collection of delinquent personal property taxes.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
RTS:JLM:jm